## Jack McCuin v. The State.

### No. 5653.  Decided January 21, 1920.

**Theft of Cattle—Final Judgment—Practice on Appeal—Statutes Construed.**

Article 853, C. C. P., sets out in detail the matters necessary to constitute a final judgment in a criminal case, and where the judgment in the instant case did not comply therewith the appeal must be dismissed.

Appeal from the District Court of Henderson. Tried below before the Hon. John S. Prince, judge.

Appeal from a conviction of theft of cattle; penalty, two years imprisonment in the penitentiary.

The alleged judgment was as follows: "The State of Texas v. Jack McCuin, No. 8065, Sept. 24, 1919. This day, this cause, was called for trial, and the State appeared by her district attorney, and defendant Jack McCuin appeared in person, his counsel also being present, and both parties announced ready for trial, and the defendant, Jack McCuin, in open court pleaded not guilty to the charge contained in the indictment herein; thereupon a jury, to-wit, Douglas Guantt, and eleven others, was duly selected, im-

32—86—T. C. R.

paneled and sworn, who having heard the indictment read, and the defendant's plea of not guilty thereto, and having heard the evidence submitted, and having been duly charged by the court, retired in charge of the proper officer, to consider of their verdict, and afterward were brought into open court by the proper officer, the defendant and his counsel being present, and in due form of law returned into open court the following verdict, which was received by the court, and is here now entered upon the minutes of the court to wit: We, the jury, find the defendant guilty as charged and assess his punishment at two years in the State penitentiary, we the jury recommend that sentence be not suspended, Douglass Guantt, foreman.'' The 9 and 10, requisites were omitted in said judgment.

No brief on file for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.— Cited: Mirelles v. State, 13 Texas Crim. App., 346; Pennington v. State, 11 id., 281; Chester v. State, 23 id., 577; Gaither v. State, 21 id., 527; Mayfield v. State, 40 Texas, 289.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Henderson County, of theft of cattle, and his punishment fixed at two years in the penitentiary.

We are met at the threshold of this case with a motion made by our Assistant Attorney General to dismiss the appeal, because there appears in the record no final judgment. We are of the opinion that the position taken by the State in this matter is correct. Article 853, of our Code of Criminal Procedure, sets out in detail the matters necessary to constitute a final judgment in a criminal case. By comparison of the judgment appearing on page 5 of the transcript herein, it appears that the requisites contained in subdivisions 9 and 10 of said article are wholly lacking. The failure of the judgment to contain said requisites is fatal to ˙ ᵔ appeal, which can only be from a final judgment. Mirelles v. State. 13 Texas Crim. App., 346; Gaither v. State, 21 Texas Crim. Rep., 527; Longoria v. State, 44 S. W. Rep., 1089.

The motion of the State is sustained, and the appeal, accordingly, dismissed.

*Dismissed.*