**Blanchard Lee SAVANT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 52121.**

Court of Criminal Appeals of Texas.

April 7, 1976.

Jimmy Phillips, Jr., Angelton, for appellant.

Thomas L. Hanna, Dist Atty., Jimmie R. Stanton, Asst. Dist. Atty., Beaumont, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

Appellant was convicted by a jury for assault with a prohibited weapon. The jury assessed punishment at five (5) years and recommended probation pursuant to Art. 42.12, Vernon's Ann.C.C.P. This attempted appeal followed, but we have concluded that same must be dismissed.

■ Although a judgment is not entered in a misdemeanor case where probation is granted,[1] one is required to be entered in a felony case where probation is granted, *Scott v. State,* 461 S.W.2d 619 (Tex.Cr.App.1971). See and compare Art. 44.08(b), Vernon's Ann.C.C.P., and *Steffen v. State,* 525 S.W.2d 162 (Tex.Cr.App.1975). Such judgment must contain the requisites of Art. 42.01, Vernon's Ann.C.C.P.; and, it is essential that such judgment appear in the record; otherwise, the appeal must be dismissed. Art. 40.09, Sec. 1, Vernon's Ann. C.C.P.; *Scott v. State,* supra.

Art. 42.01, supra, provides, in part:

"A 'judgment' is the declaration of the court entered of record, showing:

\*    \*    \*    \*    \*    \*

9. In the case of a conviction, that it is considered by the court that the defendant is adjudged to be guilty of the offense as found by the jury; .   .   .

10. That the defendant be punished as has been determined."

■ The instrument in this record styled "judgment" does not contain the ninth and tenth requisites of Art. 42.01, supra.[2] In fact, such instrument contains language to the contrary. It states, in part:

"It is therefore CONSIDERED, ORDERED and ADJUDGED that the Verdict and finding of guilty herein shall not

---

1. See Art. 42.13, Sec. 4, Vernon's Ann.C.C.P.; *Ex parte Smith,* 493 S.W.2d 958 (Tex.Cr.App. 1973); *Coby v. State,* 518 S.W.2d 829 (Tex.Cr. App.1975); *McIntosh v. State,* 534 S.W.2d 143 (Tex.Cr.App., No. 51,574, delivered March 17, 1976).

2. See *Longoria v. State,* 44 S.W. 1089 (Tex.Cr. App.1898); *McCuin v. State,* 86 Tex.Cr.R. 497, 217 S.W. 1038 (1920).

be final, that no Judgment be rendered thereon, . . ."

Consequently, we have concluded that such instrument does not comport with Art. 42.01, supra, and Art. 40.09, Sec. 1, supra. Accordingly, the appeal must be dismissed.

If a correct judgment was in fact rendered, but was incorrectly entered on the minutes of the court, such judgment may now be entered nunc pro tunc pursuant to Art. 42.06, Vernon's Ann.C.C.P., under the procedure outlined in *Shaw v. State* (Tex.Cr.App., No. 51,701, delivered February 11, 1976). If a correct judgment was not, in fact, rendered, the same may now be rendered and entered of record in the presence of appellant and his counsel, after notice and hearing.[3] Appellant may then give notice of appeal pursuant to Art. 44.08 (b), supra,[4] and the appeal proceed under the appropriate sections of Art. 40.09, Vernon's Ann.C.C.P.[5]

The appeal is dismissed.

---

**3.** Such judgment should include the terms and conditions of probation.

**4.** Caveat: See and compare *Steffen v. State,* supra; *Faurie v. State,* 528 S.W.2d 263 (Tex.Cr. App.1975); *Woods v. State,* 532 S.W.2d 608 (Tex.Cr.App.1976); *McIntosh v. State,* 534 S.W.2d 143 (Tex.Cr.App. No. 51,574, delivered March 17, 1976).

**5.** The parties may of course waive the times provided in Art. 40.09, supra, see Art. 1.14, Vernon's Ann.C.C.P., and the appeal can be immediately returned to this Court. Such waiver should be contained in the record returned to this Court.