**Bruce McFARLAND, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–86–00611–CR.**

Court of Appeals of Texas, San Antonio.

Feb. 18, 1987.

Rehearing Denied March 18, 1987.

**44**

Robert Valdez, San Antonio, for appellant.

Sam L. Darden, Bandera, for appellee.

Before CADENA, C.J., and ESQUIVEL and DIAL, JJ.

## OPINION

PER CURIAM.

Appellant was found guilty by a jury of the offense of driving while intoxicated. The trial court assessed punishment at forty-five (45) days in jail, probated, and a $750.00 fine.

 Initially, we are confronted with a problem concerning our jurisdiction in this cause. The record before us does not contain a judgment adjudicating appellant's guilt. *See* TEX.CODE CRIM.PROC.ANN.

art. 42.01, § 1(8) (Vernon Supp.1987). In fact, the instrument contained in the transcript does not purport to be a judgment. The pertinent portion of this instrument recites the following:

> IT IS THEREFORE CONSIDERED, ORDERED AND ADJUDGED, that the finding of guilt herein SHALL NOT BE FINAL, THAT NO JUDGMENT BE RENDERED THEREON, and that Defendant be, and he is hereby placed on probation in this cause.... (emphasis added)

The instrument appears to be an order granting deferred adjudication. No appeal lies from an order deferring adjudication. *McDougal v. State,* 610 S.W.2d 509 (Tex. Crim.App.1981). We also note that this was a jury trial on a plea of not guilty and was a trial for violation of TEX.REV.CIV. STAT.ANN. art. 6701l-1 (Vernon Supp. 1986). Under these circumstances, at the time of appellant's trial, appellant was not eligible for deferred adjudication. *See* TEX.CODE CRIM.PROC.ANN. art. 42.12, § 3d(d) (Vernon Supp.1987). In light of all the circumstances presented, we have no jurisdiction in this cause.

The appeal is dismissed.

## ON APPELLANT'S MOTION FOR REHEARING

Originally, this cause was dismissed for want of jurisdiction because the record did not contain a judgment which adjudicated appellant's guilt. Appellant has filed a motion for rehearing in which he alleges that the instrument contained in the record before us does contain the jury's verdict finding him guilty of driving while intoxicated and an order of the trial court placing him on probation. Thus, appellant contends, the instrument constitutes a judgment from which he may appeal. Appellant is incorrect.

 The instrument in the record does not contain an adjudication of guilt as required by TEX.CODE CRIM.PROC.ANN. art. 42.01, § 1(8) (Vernon Supp.1987). The instrument in the record contains virtually the identical language found to be defec-

tive in the purported judgment in *Savant v. State*, 535 S.W.2d 190 (Tex.Crim.App.1976). In *Savant v. State*, 535 S.W.2d at 191, 192, a jury found the defendant guilty of a felony offense, assessed punishment at five (5) years and recommended probation. The purported judgment contained the following language:

It is therefore CONSIDERED, ORDERED and ADJUDGED that the Verdict and finding of guilty herein shall not be final, that no Judgment be rendered thereon, . . .

The Court of Criminal Appeals held that an adjudication of guilt is required by art. 42.01 and without such an adjudication the instrument was not a judgment. The appeal was dismissed.

In the instant cause, the error appears to have resulted from the instrument being drafted under the provisions of TEX.CODE CRIM.PROC.ANN. art. 42.13, § 4, which was repealed September 1985, prior to appellant's trial. Under this section, a judgment was not entered in a misdemeanor case where probation was granted. *See McIntosh v. State*, 534 S.W.2d 143 (Tex. Crim.App.1976). Indeed, section 8(a) of article 42.13 specifically provided for an appeal at the time probation was granted. Under the current Adult Probation Law, TEX.CODE CRIM.PROC.ANN. art. 42.12 (Vernon Supp.1987), in effect at the time of appellant's trial, the only time an adjudication of guilt is not entered in a felony or a misdemeanor case is when a defendant is granted deferred adjudication. *See* art. 42.12, § 3d(a), *supra.* As noted in our prior opinion, the record before us reveals that appellant was not entitled to deferred adjudication.

■ Appellant's remedy lies in the trial court under the procedures established in *Savant v. State*, 535 S.W.2d at 192. If a correct judgment was in fact rendered, but was incorrectly entered on the minutes of the court, such judgment may now be entered *nunc pro tunc* pursuant to TEX.R. APP.P. 36. If a correct judgment was not, in fact, rendered, the same may now be rendered and entered of record in the presence of appellant and his counsel, after notice and hearing. Following the corrective action by the trial court, appellant can give notice of appeal pursuant to TEX.R. APP.P. 41(b)(1) and the appeal can proceed under the appropriate rules of appellate procedure.

Appellant's motion for rehearing is denied.