**David PRADO, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–91–063–CR.**

Court of Appeals of Texas, Eastland.

Jan. 30, 1992.

Discretionary Review Refused April 29, 1992.

Robert I. Hooper, Hooper & Barber, Stephenville, for appellant.

John Terrill, Dist. Atty., Stephenville, for appellee.

## OPINION

McCLOUD, Chief Justice.

The jury found appellant guilty of the felony offense of driving while intoxicated. After appellant pled true to a prior burglary conviction alleged for enhancement, the jury assessed appellant's punishment at confinement for 15 years. We affirm.

For jurisdictional purposes, the State alleged two previous driving while intoxicated convictions. See TEX.REV.CIV.STAT. ANN. art. 6701*l*-1(e) (Vernon Supp.1992);

*Pope v. State*, 802 S.W.2d 418 (Tex.App.—Austin 1991, no pet'n). Appellant contends that one of the alleged prior convictions is void. The State alleged that appellant was convicted of the misdemeanor offense of driving while intoxicated on February 14, 1989, in the County Court of Erath County in Cause No. 20,477. Appellant asserts in a single point of error that the previous conviction in Cause No. 20,477 is void because the Erath County Attorney was not present in court on February 14, 1989, when the Erath County Judge accepted appellant's plea of guilty.

The Erath County Attorney, Phil Nichols, testified that, because of his private practice and the large number of misdemeanor cases filed, he was not always personally available to participate in conferences and pleas of guilty. Nichols had authorized the County Attorney's Investigator, Ken Watson, to function within certain parameters. Watson frequently represented the county attorney in plea bargain discussions with defendants. If an agreement was reached, the county attorney was unavailable, and the county judge was available, Watson represented the county attorney during the plea of guilty before the county judge. The county attorney was not present on February 14, 1989, in Cause No. 20,477 when appellant pled guilty. Watson purported to represent the State.

Appellant urges that the misdemeanor conviction in Cause No. 20,477 was obtained in violation of TEX.CODE CRIM. PRO.ANN. arts. 2.02 & 42.01 (Vernon Supp.1992). Appellant collaterally attacks the validity of the prior misdemeanor conviction. A collateral attack may be made if the conviction is void or if it is tainted by a constitutional defect. Other lesser infirmities in a prior conviction may not be raised by a collateral attack. It does not matter that such lesser infirmities might have resulted in a reversal had they been presented by an appeal. *Galloway v. State*, 578 S.W.2d 142 (Tex.Cr.App.1979).

Article 2.02 provides:

*The county attorney shall attend the terms of court in his county below the grade of district court, and shall represent the State in all criminal cases under examination or prosecution in said county;* and in the absence of the district attorney he shall represent the State alone and, when requested, shall aid the district attorney in the prosecution of any case in behalf of the State in the district court. He shall represent the State in cases he has prosecuted which are appealed. (Emphasis added)

Article 42.01 provides in part:

The judgment should reflect:

    1. The title and number of the case;

    2. That the case was called and the parties appeared, *naming the attorney for the state*, the defendant, and the attorney for the defendant, or, where a defendant is not represented by counsel, that the defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel. (Emphasis added)

    ■ Article 2.02 generally describes the duties of a county attorney. Appellant cites TEX.GOV'T CODE ANN. § 41.109 (Vernon 1988) which sets out the authority of an investigator appointed by a county attorney. The authority to represent the State in a county court on a plea of guilty is not included in the statutory authority given an investigator. Nevertheless, we hold that the failure of a county attorney to perform his official duties, as directed in Article 2.02, does not render a judgment of conviction void. We hold that the judgment of conviction in Cause No. 20,477 is not void even though the Erath County Attorney failed to perform his duty to "attend" court and "represent the State" on February 14, 1989, when appellant pled guilty to misdemeanor driving while intoxicated.

Appellant cites *Savant v. State*, 535 S.W.2d 190 (Tex.Cr.App.1976), to support his argument that the judgment entered in Cause No. 20,477 failed to comply with Article 42.01. *Savant* was a direct appeal, and the issue was whether the judgment reflected the requisites contained in Article 42.01. In the instant case, the judgment in Cause No. 20,477 specifically recites that the "County Attorney of Erath County, State of Texas" was present. The judgment complied with Article 42.01.

We hold that the judgment of conviction entered in Cause No. 20,477 is not void. The judgment of the trial court is affirmed.