John T. MOSQUEDA, Appellant,

v.

The STATE of Texas, State.

No. 2–95–050–CR.

Court of Appeals of Texas,
Fort Worth.

Dec. 19, 1996.

Stephen Wohr, William Trantham & Associates, Denton, for Appellant.

Bruce Issacks, Criminal District Attorney, Yolanda M. Joosten, Paige McCormick, Charles Breaux, Assistant District Attorneys, Denton, Robert Huttash, State Prosecuting Attorney, Austin, Graham, for Appellee.

Before LIVINGSTON, RICHARDS, and HOLMAN, JJ.

## OPINION

RICHARDS, Justice.

At appellant John T. Mosqueda's trial for driving while intoxicated with two prior convictions, the State sought to prove one of the prior convictions with State's Exhibit 4 which consisted of one document entitled "Original Copy of Order Granting Probation" and a copy of the criminal docket sheet indicating that it was a "Judgment" and that Mosqueda had pled guilty. On appeal, Mosqueda argues that neither of these documents showed a final conviction. Therefore, Mosqueda argues, the trial court erred in failing to grant his motion for directed verdict because the evidence was legally insufficient to support a finding that he had been convicted of driving while intoxicated twice before. We reverse and remand for entry of acquittal.

## FACTS

The State charged Mosqueda with felony driving while intoxicated, subsequent offense under the old D.W.I. law.[1] Under article 6701$l$–1(e), a person was guilty of a felony if they were convicted for driving while intoxicated under article 6701$l$–1(b) and they had been previously convicted of driving while intoxicated two or more times.

During its case in chief, the State introduced State's Exhibit 4[2] into evidence to prove a prior Dallas County conviction for driving while intoxicated. Included in State's Exhibit 4 are two different documents. The first document, entitled "Original Copy of Order Granting Probation," states "the Court ... adjudged the Defendant guilty as charged." But, the Order goes on to state, "IT IS THEREFORE CONSIDERED, ORDERED AND ADJUDGED, That *the verdict and finding of guilty herein shall not be final, that no judgment be rendered thereon,*

1. Act of May 28, 1923, 38th Leg., 2nd C.S., 1923 Tex. Gen. Laws 56, *amended by* Act of Oct. 23, 1935, 44th Leg., 1st C.S., ch. 424, § 1, 1935 Tex. Gen. Laws 1654; Act of Mar. 22, 1937, 45th Leg., R.S., ch. 60, § 1, 1937 Tex. Gen. Laws 108; Act of June 17, 1941, 47th Leg., R.S., ch. 507, § 1, 1941 Tex. Gen. Laws 819; Act of May 19, 1953, 53rd Leg., R.S., ch. 167, § 1, 1953 Tex. Gen. Laws 480; Act of June 13, 1979, 66th Leg., R.S., ch. 682, § 3, 1979 Tex. Gen. Laws 1609; Act of June 16, 1983, 68th Leg., R.S., ch. 303, § 3, 1983 Tex. Gen. Laws 1568, 1574–77; Act of March 28, 1985, 69th Leg., R.S., ch. 10, § 1, 1985 Tex. Gen. Laws 375; Act of June 3, 1985, 69th Leg., R.S., ch. 226, § 1, 1985 Tex. Gen. Laws 1102; Act of June 11, 1985, 69th Leg., R.S., ch. 462, § 18, 1985 Tex. Gen. Laws 1624, 1630–31, *repealed by* Act of June 19, 1993, 73rd Leg., R.S., ch. 900, § 1.15, 1993 Tex. Gen. Laws 3586, 3704; Act of June 7, 1995, 74th Leg., R.S., ch. 318, § 63, 1995 Tex. Gen. Laws 2734, 2755 (current version at Tex. Penal Code Ann. §§ 49.04, 49.09 (Vernon 1994 & Supp.1997)) (hereinafter Article 6701$l$–1).

This repealed law was originally codified in the Civil Statutes. *See* Tex.Rev.Civ. Stat. Ann. arts. 6701$l$–1(b), 6701$l$–1(e) (Vernon 1977 & Supp. 1995) (repealed). The 1995 Pocket Part was the last to contain the language of article 6701$l$–1. For simplicity, we will refer to the old law by its old civil statute article number.

2. The relevant portions of State's Exhibit 4 are attached in the appendix to this opinion.

and that the Defendant be, and he is hereby placed on probation." [Emphasis added.] The second document, entitled "Criminal Docket," is the Dallas County Criminal Court docket sheet for the prior offense. In a section entitled "Judgment," the docket sheet reflects that on August 6, 1986, Mosqueda "waived trial by jury and entered plea of no contest. *Judgment of Court: Guilty as charged* and defendant assessed confinement in the County Jail for 60 days and fine of $350.00 plus costs of Court. Jail term probated 24 months, *see order.*" [Emphasis added.] Just below this statement, the court marked out a section that would have placed Mosqueda on deferred adjudication without entering an adjudication of guilt.

At the close of the State's case, Mosqueda moved for a directed verdict on the grounds that the State had failed to present any evidence that Mosqueda had been convicted twice before. After extended argument, the court denied the motion.

The court charged the jury as follows:

Now, if you find from the evidence beyond a reasonable doubt that ... the defendant, JOHN TIJERINA MOSQUEDA, did then and there drive or operate a motor vehicle in a public place, while the said defendant was then and there intoxicated, ... *and* if you further find from the evidence beyond a reasonable doubt that the defendant, previously thereto, had been twice convicted of the offense of being intoxicated while driving or operating a motor vehicle in a public place ... you will find the defendant guilty of driving while intoxicated, as charged in the indictment. [Emphasis added.]

The court did not instruct the jury on the lesser included misdemeanor offense of driving while intoxicated.

## ANALYSIS

### A. *The Prior Judgment*

■ To prove its case under article 6701*l*-1(e), the State must prove that the defendant had two prior convictions for misdemeanor driving while intoxicated under article 6701*l*-1(b) of the Revised Civil Statutes. To carry this burden, the State must make a prima facie showing of the validity of the prior convictions. *State v. Kindred*, 773 S.W.2d 766, 768 (Tex.App.—Corpus Christi 1989, no pet.) (State failed to carry its burden under 6701*l*-1(e) because instruments purporting to prove prior offenses did not show final judgment had been entered). To use the judgments in the prior cases to meet its burden, the State must prove that the prior convictions were reflected in final judgments entered pursuant to article 42.01 of the Code of Criminal Procedure. *See* TEX.CODE CRIM. PROC. ANN. art. 42.01 (Vernon 1979 & Supp. 1997); *Kindred*, 773 S.W.2d at 768. Article 42.01 provides: "A judgment is the written declaration of the court .... reflect[ing] .... [i]n the event of a conviction that the defendant is adjudged guilty of the offense as found by the verdict of the jury ... and that the defendant be punished in accordance with the jury's verdict...." TEX.CODE CRIM. PROC. ANN. art. 42.01, § 1(8) (Vernon Supp. 1997).

In *Kindred*, the court of appeals found that a nearly identical instrument did not comply with article 42.01 section 1(8). *Kindred*, 773 S.W.2d at 768. In *Kindred*, the instrument relied on by the State provided " 'IT IS THEREFORE CONSIDERED, ORDERED AND ADJUDGED that the finding of guilty herein *shall not be final, that no judgment be rendered thereon.*' " *Id.* at 767. The court found that this language in the instrument meant that it did not contain an adjudication of guilt and was, therefore, not a judgment under article 42.01 section 1(8). *Id.* at 768. In coming to this conclusion, the court relied on the Court of Criminal Appeals' decision in *Savant v. State*, 535 S.W.2d 190 (Tex.Crim.App.1976). In *Savant*, the defendant appealed his "conviction" for assault with a prohibited weapon. The court dismissed the appeal, finding that it had no jurisdiction because the document purporting to be a judgment stated: " '[i]t is therefore CONSIDERED, ORDERED and ADJUDGED that the verdict and finding of guilty herein shall not be final, that no Judgment be rendered thereon....' " *Id.* at 191–92. The court found that the instrument did not show that the defendant was "adjudged to be guilty" or "punished" as was required by article 42.01. *Id.* at 191. Thus, there was

no final judgment from which the defendant could appeal. *Id.* at 192.

■ The State argues that *Kindred* and *Savant* are distinguishable from this case because here, we have the court's docket sheet that seems to indicate a final judgment was entered. We disagree because, at best, the instruments are ambiguous. Although the docket sheet says that the "Judgment of [the] Court" is "[g]uilty as charged," it also refers back to the "order." The "order" also indicates that the court "adjudged the Defendant guilty." But, the order specifically says "the verdict and finding of guilty *herein* shall not be final, [and] no judgment [shall] be rendered thereon." [Emphasis added.] This language indicates that the purported judgment referred to in the first paragraph is not final. Therefore, we hold that, as a matter of law, the two documents in State's Exhibit 4 are insufficient to constitute a judgment under article 42.01, section 1(8).[3]

### B. The Remedy

■ Mosqueda's point of error alleges that the trial court erred by denying his motion for directed verdict. In effect, he is challenging the legal sufficiency of the evidence. *Cook v. State,* 858 S.W.2d 467, 469 (Tex.Crim.App.1993). We review the legal sufficiency of the evidence under the familiar standard: viewing the evidence in the light most favorable to the verdict, could any rational trier of fact have found the essential elements of the crime, as set forth in the jury charge, beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); *Emery v. State,* 881 S.W.2d 702, 705 (Tex.Crim.App. 1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1257, 131 L.Ed.2d 137 (1995); *Narvaiz v. State,* 840 S.W.2d 415, 423 (Tex.Crim.App. 1992), *cert. denied,* 507 U.S. 975, 113 S.Ct. 1422, 122 L.Ed.2d 791 (1993).

■ As we have held above, the two instruments introduced by the State are insufficient to constitute a final judgment as a matter of law. No other evidence in the

record indicates that Mosqueda's prior conviction was final. Therefore, applying the *Jackson* standard, we hold that no rational trier of fact could have found that Mosqueda was convicted twice before for driving while intoxicated.

We recognize that there is a split of authority as to whether the prior convictions are essential elements of the felony offense or merely extraordinary punishment provisions for the misdemeanor offense. *See, e.g., Pope v. State,* 802 S.W.2d 418 (Tex.App.—Austin 1991, no pet.) (prior offenses are *both* jurisdictional in that they are required to plead the felony offense that gives jurisdiction to district court *and* relevant as punishment enhancement). But regardless of the correct role of the prior offenses in the statutory scheme, in this case the prior offenses were listed in the jury charge as elements of the offense. Because the evidence is legally insufficient to prove two prior offenses, we must reverse the conviction.

■ We note that the evidence is sufficient to sustain a conviction for the lesser included offense of misdemeanor driving while intoxicated with one prior conviction. Moreover, if the court had charged the jury on the lesser included offense, we would have the authority to reform the judgment to reflect conviction on the lesser included offense. *Bigley v. State,* 865 S.W.2d 26, 27–28 (Tex.Crim.App.1993). But, the court's charge did not authorize appellant's conviction for the lesser offense. This case is nearly identical to *Gentile v. State,* 848 S.W.2d 359 (Tex.App.—Austin 1993, no pet.) (per curiam). In *Gentile,* the court reversed the appellant's conviction and rendered a judgment of acquittal because the court's charge did not authorize conviction for the lesser offense of misdemeanor driving while intoxicated. *Id.* at 360–61; *see also Bigley,* 865 S.W.2d at 29 (Baird, J. concurring) (court of appeals may only reform judgment to show conviction for lesser included offense if

---

3. We note that the State could have cured the deficiency in the judgment before trial by bringing a *nunc pro tunc* action under Appellate Rule 36. *See* Tex.R.App.P. 36; *Savant v. State,* 535 S.W.2d 190, 192 (Tex.Crim.App.1976); *McFarland v. State,* 727 S.W.2d 43, 45 (Tex.App.—San Antonio 1987, no pet.) (per curiam).

lesser included offense was in jury charge). We agree with this analysis.

Because we hold that the evidence is legally insufficient to support a finding that Mosqueda had been twice before convicted of driving while intoxicated, as was specified in the jury charge, this case is remanded to the trial court with an order to enter a judgment of acquittal. *See Burks v. United States*, 437 U.S. 1, 16–18, 98 S.Ct. 2141, 2150–51, 57 L.Ed.2d 1, 13–14 (1978); *Greene v. Massey*, 437 U.S. 19, 24–25, 98 S.Ct. 2151, 2154–55, 57 L.Ed.2d 15, 20–21 (1978).