COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-110-CR
  
  
MICHAEL 
SHANE GARDNER                                                   APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM 
THE 271ST DISTRICT COURT OF WISE COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Michael 
Shane Gardner appeals his conviction for four offenses of aggravated sexual 
assault of a child. Appellant pled guilty before the jury, and the jury assessed 
his punishment at thirty-five years’ confinement. We will affirm.
        The 
parties are familiar with the facts of this case and the applicable law is 
well-settled.
        In 
his first point, appellant complains that his plea was involuntary because the 
trial court did not admonish him of the consequences of his guilty plea or 
otherwise determine if his plea was made intelligently and voluntarily.[2]
        The 
State concedes that the trial court erred in failing to expressly admonish 
appellant according to article 26.13.[3]  We must 
review this statutory error under the harm analysis of Rule 44.2(b) of the Texas 
Rules of Appellate Procedure.[4]  According to 
Rule 44.2(b), “[a]ny other error, defect, irregularity, or variance that does 
not affect substantial rights must be disregarded.”[5]  
A substantial right is affected under these circumstances only if the appellant 
was unaware of the consequences of his plea and was misled or harmed by the 
inadequate admonishment of the trial court.[6]
        In 
assessing harm from a failure to admonish, we review the entire record for 
evidence that a defendant’s “knowledge and comprehension of the full and 
correct information would have been likely to affect his willingness to plead 
guilty.”[7]  It is harmless error to fail to 
give admonishments that have no application to a defendant’s case.[8]
        The 
only statutory admonishments that applied to appellant’s case were the 
applicable punishment range and the fact that appellant would have to register 
as a sex offender if convicted.[9]  Appellant 
concedes that he cannot claim that his substantial rights were violated due to 
the trial court’s failure to admonish him about the range of punishment 
because he was present during voir dire when the punishment range was 
discussed.  Hence, we hold that the trial court’s failure to admonish 
appellant about the applicable range of punishment did not affect appellant’s 
substantial rights and must be disregarded.[10]
        The 
record also contains no evidence indicating that appellant was unaware of the 
sex offender registration requirement, or that appellant would not have pled 
guilty if he had been properly admonished about the registration requirement.[11]  In fact, appellant does not contend in this appeal 
that he was unaware of the registration requirement, or that he would not have 
pled guilty if the trial court had properly admonished him regarding 
registration.[12]  Thus, we conclude that the 
trial court’s error in failing to admonish appellant about the sex offender 
registration requirement did not affect appellant’s substantial rights or 
render his plea involuntary, and must be disregarded.[13]  
We overrule appellant’s first point.
        In 
his second point, appellant contends that his convictions and sentences are void 
because the Wise County Attorney did not prosecute the case after the Wise 
County District Attorney recused herself.[14]  
Appellant, however, failed to make this objection to the trial court, and thus 
has waived this complaint on appeal.[15]
        In 
his third point, appellant complains that co-counsel for the State was never 
appointed as an attorney pro tem as required by article 2.07.[16]  
Although appellant raised this complaint in his motion for new trial, the 
objection is waived because it was not timely.[17]  
An objection must be made as soon as the basis for the objection becomes 
apparent.[18]  Appellant knew of the attorney 
pro tem’s participation in the case several months prior to the commencement 
of trial.  Because appellant’s objection to the attorney pro tem’s 
participation was not made as soon as the basis for appellant’s complaint 
became apparent, the complaint is waived.  We overrule appellant’s second 
and third points.
        Having 
overruled all of appellant’s points, we affirm the trial court’s judgment.
  
  
                                                                  JOHN 
CAYCE
                                                                  CHIEF 
JUSTICE
  
   
PANEL 
A:   CAYCE, C.J.; LIVINGSTON and GARDNER, JJ.

DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
May 27, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
In an open plea case, an appellant waives nonjurisdictional defects occurring 
before the plea only if they are independent of and not supported by the error 
being complained of on appeal. Young v. State, 8 S.W.3d 656, 666-67 (Tex. 
Crim. App. 2000).
3.  
Tex. Code Crim. Proc. Ann. art. 
26.13(a) (Vernon Supp. 2004).
4.  
Tex. R. App. P. 44.2(b); Aguirre-Mata 
v. State, 125 S.W.3d 473, 474 (Tex. Crim. App. 2003); see Cain v. State, 
947 S.W.2d 262, 264 (Tex. Crim. App. 1997) (applying harm analysis under former 
Rule 81(b)(2) where there is a complete failure to admonish under article 
26.13); see also Jones v. State, No. 5-02-00110-CR, 2003 WL 22006236, at 
*3 (Tex. App.—Dallas Aug. 26, 2003, no pet.) (not designated for publication) 
(applying Rule 44.2(b) harm analysis where trial court totally failed to 
admonish under article 26.13(a))
5.  
Tex. R. App. P. 44.2(b); see 
Alvarez v. State, 63 S.W.3d 578, 581 (Tex. App.—Fort Worth 2001, no pet.).
6.  
Alvarez, 63 S.W.3d at 583; Carranza v. State, 980 S.W.2d 653, 
657-58 (Tex. Crim. App. 1998).
7.  
Anderson v. State, 985 S.W.2d 195, 198 (Tex. App.—Fort Worth 1998, pet. 
ref’d) (op. on reh’g) (quoting United States v. Johnson, 1 F.3d 296, 
302 (5th Cir. 1993)).
8.  
Cain, 947 S.W.2d at 264 (failure to admonish on deportation consequences 
harmless because defendant a U.S. citizen); Alvarez, 63 S.W.3d at 581 
(trial court must admonish the defendant of the fact that defendant will be 
required to register as a sex offender, “if applicable”); see also 
Whitten v. State, 587 S.W.2d 156, 158 (Tex. Crim. App. 1979) (op. on reh’g) 
(failure to admonish on nonbinding character of prosecutorial recommendations 
immaterial to the plea where no prosecutorial recommendation had been made), overruled 
on other grounds by Cain v. State, 947 S.W.2d 262 (Tex. Crim. App. 1997).
9.  
Tex. Code Crim. Proc. Ann. art. 
26.13(a)(1), (5).
10.  
See Aguirre-Mata, 125 S.W.3d at 476-77; Rachuig v. State, 972 
S.W.2d 170, 176 (Tex. App.—Waco 1998, pet. ref’d).
11.  
See Lopez v. State, 71 S.W.3d 511, 516 (Tex. App.—Fort Worth 2002, no 
pet.); Alvarez, 63 S.W.3d at 583; Anderson v. State, 62 S.W.3d 
304, 307 (Tex. App.—Fort Worth 2001, pet. filed).
12.  
Appellant even admits in his brief that if the trial court’s failure to 
admonish regarding the sex offender registration requirement were his only 
complaint, his “visit before this court would be short lived.”
13.  
See Tex. R. App. P. 
44.2(b); see also Mitschke v. State, 129 S.W.3d 130, 136 (Tex. Crim. App. 
2004) (“[F]ailure to admonish [about the sex offender registration 
requirement] does not necessarily render a plea involuntary.”).
14.  
An assistant district attorney from Tarrant County was appointed by the trial 
judge to prosecute the case. See Tex. 
Code Crim. Proc. Ann. art. 2.02 (Vernon Supp. 2004).
15.  
See Tex. R. App. P. 33.1; see 
also Prado v. State, 822 S.W.2d 819, 821 (Tex. App.—Eastland 1992, pet. 
ref’d) (holding that the failure of a county attorney to perform his official 
duties under article 2.02 does not render conviction void); cf. Davis v. 
State, 956 S.W.2d 555, 559 (Tex. Crim. App. 1997) (violation of statutory 
procedure in appointing a judge rendered conviction voidable, not void).
16.  
See Tex. Code Crim. Proc. Ann. 
art. 2.07 (Vernon Supp. 2004).
17.  
See Tex. R. App. P. 33.1; see 
also Marbut v. State, 76 S.W.3d 742, 750 (Tex. App.—Waco 2002, pet. 
ref’d) (holding that failure to object to participation of attorney pro tem 
whose appointment did not meet requirements of article 2.07 waived complaint); Stanley 
v. State, 880 S.W.2d 219, 220 (Tex. App.—Fort Worth 1994, no pet.) 
(holding that failure to object to attorney’s participation at trial waived 
complaint).
18.  
Tex. R. Evid. 103(a)(1); Lagrone 
v. State, 942 S.W.2d 602, 618 (Tex. Crim. App.), cert. denied, 522 
U.S. 917 (1997); Polk v. State, 729 S.W.2d 749, 753 (Tex. Crim. App. 
1987).