Gardner v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-110-CR

MICHAEL SHANE GARDNER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 271
ST
 DISTRICT COURT OF WISE COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Michael Shane Gardner appeals his conviction for four offenses of aggravated sexual assault of a child.  Appellant pled guilty before the jury, and the jury assessed his punishment at thirty-five years’ confinement.  We will affirm.

The parties are familiar with the facts of this case and the applicable law is well-settled.

In his first point, appellant complains that his plea was involuntary because the trial court did not admonish him of the consequences of his guilty plea or otherwise determine if his plea was made intelligently and voluntarily.
(footnote: 2)
 The State concedes that the trial court erred in failing to expressly admonish appellant according to 
article 26.13.
(footnote: 3)  
We must review this statutory error under the harm analysis of Rule 44.2(b) of the Texas Rules of Appellate Procedure.
(footnote: 4)  
According to Rule 44.2(b), “[a]ny other error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.”
(footnote: 5)  
A substantial right is affected under these circumstances only if the appellant was unaware of the consequences of his plea and was misled or harmed by the inadequate admonishment of the trial court.
(footnote: 6)
 In assessing harm from a failure to admonish, we review the entire record for evidence that a defendant’s “knowledge and comprehension of the full and correct information would have been likely to affect his willingness to plead guilty.”
(footnote: 7)  It is harmless error to fail to give admonishments that have no application to a defendant’s case.
(footnote: 8)
 The only statutory admonishments that applied to appellant’s case were the applicable punishment range and the fact that appellant would have to register as a sex offender if convicted.
(footnote: 9)  Appellant concedes that he cannot claim that his substantial rights were violated due to the trial court’s failure to admonish him about the range of punishment because he was present during voir dire when the punishment range was discussed.  Hence, we hold that the trial court’s failure to admonish appellant about the applicable range of punishment did not affect appellant’s substantial rights and must be disregarded.
(footnote: 10)
 The record also contains no evidence indicating that appellant was unaware of the sex offender registration requirement, or that appellant would not have pled guilty if he had been properly admonished about the registration requirement.
(footnote: 11)  In fact, appellant does not contend in this appeal that he was unaware of the registration requirement, or that he would not have pled guilty if the trial court had properly admonished him regarding registration.
(footnote: 12)  Thus, we conclude that the 
trial court’s error in failing to admonish appellant about the sex offender registration requirement did not affect appellant’s substantial rights or render his plea involuntary, and must be disregarded.
(footnote: 13)  We overrule appellant’s first point.

In his second point, appellant contends that his convictions and sentences are void because the Wise County Attorney did not prosecute the case after the Wise County District Attorney recused herself.
(footnote: 14)  Appellant, however, failed to make this objection to the trial court, and thus has waived this complaint on appeal.
(footnote: 15)
 In his third point, appellant complains that co-counsel for the State was never appointed as an attorney pro tem as required by article 2.07.
(footnote: 16)  
Although appellant raised this complaint in his motion for new trial, the objection is waived because it was not timely.
(footnote: 17)  An objection must be made as soon as the basis for the objection becomes apparent.
(footnote: 18)  Appellant knew of the attorney pro tem’s
 
participation in the case several months prior to the commencement of trial.  Because appellant’s objection to the attorney pro tem’s participation was not made as soon as the basis for appellant’s complaint became apparent, the complaint is waived.  We overrule appellant’s second and third points.

Having overruled all of appellant’s points, we affirm the trial court’s judgment.

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: May 27, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.

2:
In an open plea case, an appellant waives nonjurisdictional defects occurring before the plea only if they are independent of and not supported by the error being complained of on appeal.  
Young v. State
, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000). 

3:
Tex. Code Crim. Proc. Ann.
 art. 26.13(a) (Vernon Supp. 2004).  

4:
Tex. R. App. P.
 44.2(b); 
Aguirre-Mata v. State
, 125 S.W.3d 473, 474 (Tex. Crim. App. 2003)
; 
see Cain v. State, 
947 S.W.2d 262, 264 (Tex. Crim. App. 1997) (applying harm analysis under former Rule 81(b)(2) where there is a complete failure to admonish under article 26.13); 
see also Jones v. State
, No. 5-02-00110-CR, 2003 WL 22006236, at *3 (Tex. App.—Dallas Aug. 26, 2003, no pet.) (not designated for publication) (applying Rule 44.2(b) harm analysis where trial court totally failed to admonish under article 26.13(a)).  

5:
Tex. R. App. P.
 44.2(b); 
see Alvarez v. State
, 63 S.W.3d 578, 581 (Tex. App.—Fort Worth 2001, no pet.).  

6:
Alvarez
, 63 S.W.3d at 583; 
 
Carranza v. State
, 980 S.W.2d 653, 657-58 (Tex. Crim. App. 1998)
.

7:
Anderson v. State
, 985 S.W.2d 195, 198 (Tex. App.—Fort Worth 1998, pet. ref’d) (op. on reh’g) (quoting 
United States v. Johnson
, 1 F.3d 296, 302 (5th Cir. 1993)).

8:
Cain
, 947 S.W.2d at 264 (failure to admonish on deportation consequences harmless because defendant a U.S. citizen); 
Alvarez
, 63 S.W.3d at 581 (trial court must admonish the defendant of the fact that defendant will be required to register as a sex offender, “if applicable”); 
see also Whitten v. State
, 587 S.W.2d 156, 158 (Tex. Crim. App. 1979) (op. on reh’g) (failure to admonish on nonbinding character of prosecutorial recommendations immaterial to the plea where no prosecutorial recommendation had been made), 
overruled on other grounds by Cain v. State
, 947 S.W.2d 262 (Tex. Crim. App. 1997).

9:
Tex. Code Crim. Proc. Ann
.
 
art. 26.13(a)(1), (5).  

10:
See Aguirre-Mata
, 125 S.W.3d at 476-77; 
Rachuig v. State
, 972 S.W.2d 170, 176 (Tex. App.—Waco 1998, pet. ref’d).

11:
See Lopez v. State
, 71 S.W.3d 511, 516 (Tex. App.—Fort Worth 2002, no pet.); 
Alvarez
, 63 S.W.3d at 583; 
Anderson v. State
, 62 S.W.3d 304, 307 (Tex. App.—Fort Worth 2001, pet. filed).

12:
Appellant even admits in his brief that if the trial court’s failure to admonish regarding the sex offender registration requirement were his only complaint, his “visit before this court would be short lived.”  

13:
See 
Tex. R. App. P.
 44.2(b); 
see also Mitschke v. State
, 129 S.W.3d 130, 136 (Tex. Crim. App. 2004) (“[F]ailure to admonish [about the sex offender registration requirement] does not necessarily render a plea involuntary.”). 

14:
An assistant district attorney from Tarrant County was appointed by the trial judge to prosecute the case.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 2.02 (Vernon Supp. 2004).

15:
See 
Tex. R. App. P.
 33.1;
 see also Prado v. State
, 822 S.W.2d 819, 821 (Tex. App.—Eastland 1992, pet. ref’d) (holding that the failure of a county attorney to perform his official duties under article 2.02 does not render conviction void); 
cf. Davis v. State
, 956 S.W.2d 555, 559 (Tex. Crim. App. 1997) (
violation of statutory procedure in appointing a judge rendered conviction voidable, not void).

16:
See
 
Tex. Code Crim. Proc. Ann.
 art. 2.07 (Vernon Supp. 2004).  

17:
See 
Tex. R. App. P.
 33.1; 
see also Marbut v. State
, 76 S.W.3d 742, 750 (Tex. App.—Waco 2002, pet. ref’d) (holding that failure to object to participation of attorney pro tem whose appointment did not meet requirements of article 2.07 waived complaint); 
Stanley v. State
, 880 S.W.2d 219, 220 (Tex. App.—Fort Worth 1994, no pet.) (holding that failure to object to attorney’s participation at trial waived complaint).

18:
Tex. R. Evid.
 103(a)(1); 
Lagrone v. State
, 942 S.W.2d 602, 618 (Tex. Crim. App.), 
cert. denied
, 522 U.S. 917 (1997); 
Polk v. State
, 729 S.W.2d 749, 753 (Tex. Crim. App. 1987).