

**NUMBER 13-05-132-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**RUDY GONZALES,**                                                               **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                          **Appellee.**

---

**On appeal from the 24th District Court of Jackson County, Texas.**

---

**MEMORANDUM OPINION**

**Before Justices Yañez, Rodriguez, and Garza**
**Memorandum Opinion by Justice Yañez**

A jury convicted appellant, Rudy Gonzales, of felony driving while intoxicated ("DWI").[1] The jury assessed punishment of six years' imprisonment and a $5,000 fine, and recommended that the trial court suspend both. The trial court sentenced appellant to six years' imprisonment, suspended the $5,000 fine, and placed appellant on community

---

[1] *See* TEX. PENAL CODE ANN. § 49.04 (Vernon 2003), § 49.09(b)(2) (Vernon Supp. 2007).

supervision for a period of ten years.[2]  By his first issue, appellant contends the trial court erred in permitting his 1987 DWI conviction to be used to enhance the present offense to felony DWI because it was too remote.  Appellant argues that more than ten years elapsed between 1989, when his two-year probation for the 1987 offense ended, and 2000, the date of his second DWI conviction.[3]  By his second issue, appellant contends the trial court erred in allowing the State to ask a highly prejudicial hypothetical question.  We conclude

---

[2] *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 4 (Vernon Supp. 2007).  We note that appellant was sentenced under a prior version of the statute, but because the revisions are not pertinent to this appeal, we cite to the current version of the statute.

[3] The "ten-year rule" contained in former section 49.09(e) of the penal code prohibits the use of a prior DWI conviction for enhancement if the defendant committed the charged DWI more than ten years after the judgment date of the prior DWI and if the person was not convicted of another DWI within that ten-year period. *See* Act of June 13, 2001, 77th Leg., R.S., ch. 648, § 2, 2001 Tex. Sess. Law Serv. 1141-42, *repealed by* Act of June 18, 2005, 79th Leg., R.S., ch. 996, § 3, 2005 Tex. Sess. Law Serv. 3365, 3366.  The date of the judgment for the previous conviction is one of four possible times from which the ten-year periods are measured.  Former section 49.09(e), applicable to appellant, provided:

> (e) Except as provided by Subsection (f), a conviction may not be used for purposes of enhancement under this section if:
>
> (1) the conviction was a final conviction under Subsection (d);
>
> (2) the offense for which the person is being tried was committed more than 10 years after the latest of:
>
>> (A) the date on which the judgment was entered for the previous conviction;
>>
>> (B) the date on which the person was discharged from any period of community supervision on which the person was placed for the previous conviction;
>>
>> (C) the date on which the person successfully completed any period of parole on which the person was released after serving a portion of the term to which the person was sentenced for the previous conviction; or
>>
>> (D) the date on which the person completed serving any term for which the person was confined or imprisoned for the previous conviction; and
>
> (3) the person has not been convicted of an offense under Section 49.04, 49.05, 49.06, 49.065, 49.07, or 49.08 or any offense related to operating a motor vehicle while intoxicated within 10 years of the latest date under Subdivision (2).

*Id.*

2

that the 1987 offense was not a final conviction and could not be used to enhance the current offense to a felony offense. We therefore reverse the judgment and render a judgment of acquittal.

**Background**

On February 16, 2002, appellant was arrested for DWI. The State indicted him for felony DWI, alleging that appellant had two prior DWI convictions: one in November 1987 and a second in January 2000.[4] Under the statute, the State was required to prove appellant had two prior convictions in order to elevate the current DWI offense to a felony.[5] Appellant filed a pretrial motion to quash the indictment, arguing that the 1987 offense could not be used for enhancement purposes because it "was probated and there was no finding of guilt" and was "too remote." Specifically, appellant argued that the 1987 offense could not be used for enhancement because his two-year period of community supervision for the 1987 offense ended in 1989, resulting in a lapse of more than ten years between

_____

[4] The indictment read as follows:

The Grand Jurors . . . present . . . that . . . RUDY GONZALES, on or about the 16th day of February, A.D., 2002, . . . did then and there unlawfully while not having the normal use of his mental or physical faculties by reason of the introduction of alcohol and/or a controlled substance and/or drugs and/or a combination of two or more of those substances into the body and/or having an alcohol concentration of .08 or more, as measured by the number of grams of alcohol per 100 milliliters of blood and/or the number of grams of alcohol per 210 liters of breath and/or the number of grams of alcohol per 67 milliliters of urine, drive and operate a motor vehicle in a public place.

And the said RUDY GONZALES had previously been convicted two or more times for the offense of driving and operating a motor vehicle while intoxicated in a public place and upon a public road, to-wit:

(1) in Cause No. 10,153 of the county Court of Colorado County, Texas, on the 23rd day of November, 1987; and

(2) in Cause No. 14,915 of the County Court of Colorado County, Texas, on the 18th day of January, 2000.

[5] *See* TEX. PENAL CODE ANN. § 49.09(b)(2) (Vernon Supp. 2007).

3

1989 and his conviction for the 2000 offense. The State argued that because a motion to revoke was filed before the two-year community supervision period ended, the period of community supervision was extended until July 24, 1991, when appellant was actually discharged from community supervision. According to the State, because the date of appellant's discharge (1991) was within ten years of his 2000 conviction, the 1987 offense could be used for enhancement. The trial court agreed with the State and overruled appellant's motion to quash.[6]

## Standard of Review and Applicable Law

The two prior intoxication-related offenses referred to in section 49.09(b)(2) are elements of the offense of felony DWI.[7] Proof of the prior misdemeanor convictions was essential in proving the felony, and, in its absence, the evidence was insufficient to support the felony conviction.[8] To carry its burden of establishing the two prior convictions, the

---

[6] At the motion-to-quash hearing on February 7, 2005, appellant's counsel cited *Getts v. State*, 155 S.W.3d 153 (Tex. Crim. App. 2005), issued on January 26, 2005. In *Getts*, the Texas Court of Criminal Appeals explained the application of the ten-year rule in former section 49.09(e). *Getts*, 155 S.W.3d at 156-57. In order to exclude a prior conviction from use for enhancement, the three conditions of section 49.09(e) must be met: (1) the prior conviction must be final; (2) the current offense must have been committed more than ten years after the latest date determined under subdivision 49.09(e)(2); and (3) the defendant must not have been convicted of any other intoxication-related offense within ten years of the latest date under subdivision (2). *Id.* The latest date under subdivision (2) is the later of the date of judgment of the prior conviction, the date of discharge from community supervision, the date of completion of parole, or the date the defendant completed serving a term of confinement or imprisonment for the prior conviction. *Id.* at 156; *see* Act of June 13, 2001, 77th Leg., R.S., ch. 648, § 2, 2001 Tex. Sess. Law Serv. 1141-42, *repealed by* Act of June 18, 2005, 79th Leg., R.S., ch. 996, § 3, 2005 Tex. Sess. Law Serv. 3365, 3366;.

[7] *Martin v. State*, 200 S.W.3d 635, 641 (Tex. Crim. App. 2006) ("The law that applies to any felony DWI offense includes the jurisdictional element of two prior DWI convictions."); *Gibson v. State*, 995 S.W.2d 693, 696 (Tex. Crim. App. 1999); *Mapes v. State*, 187 S.W.3d 655, 658 (Tex. App.–Houston [14th Dist.] 2006, pet. ref'd); *Uriega v. State*, 136 S.W.3d 258, 259 (Tex. App.–San Antonio 2004, pet. ref'd); *State v. Kindred*, 773 S.W.2d 766, 768 (Tex. App.–Corpus Christi 1989, no pet.).

[8] *See Mosqueda v. State*, 936 S.W.2d 714, 717 (Tex. App.–Fort Worth 1996, no pet.).

State was required to make a prima facie showing of the validity of the prior convictions.[9]

To make such a prima facie showing, the State must prove that the prior convictions were reflected in final judgments entered pursuant to article 42.01 of the code of criminal procedure.[10] Because appellant is challenging the use of his 1987 conviction—an essential element of his conviction for felony DWI—we construe his claim as a challenge to the legal sufficiency of the evidence supporting his conviction.[11] Evidence is legally insufficient if, when viewed in a light most favorable to the verdict, a rational jury could not have found each element of the offense beyond a reasonable doubt.[12] The legal sufficiency of the evidence is measured against the elements of the offense as defined by a hypothetically correct jury charge for the case.[13]

## Analysis

By his first issue, appellant makes the same argument that he made to the trial court at his motion-to-quash hearing: that his 1987 conviction was unavailable for enhancement because more than ten years had elapsed between the expiration of his community supervision for that offense in 1989 and his conviction in 2000. In response, the State makes the same argument that it made to the trial court at the motion-to-quash hearing: that the date of appellant's *discharge* from community supervision—which did not occur

---

[9] *Id.* at 716.

[10] TEX. CODE CRIM. PROC. ANN. art. 42.01 (Vernon 2006) (listing the requirements of a judgment); *Mosqueda*, 936 S.W.2d at 716.

[11] *See Mosqueda*, 936 S.W.2d at 717.

[12] *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Jones v. State*, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996).

[13] *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).

until 1991—is the controlling date for finality of the 1987 conviction, and therefore, the 1987 conviction occurred within ten years of the 2000 conviction under the statute and may be used for enhancement of the current offense.

We conclude that we need not apply *Getts* to determine the "latest" date for calculating the ten-year period under former section 49.09(e) because there was no final conviction for appellant's 1987 offense, and it is therefore unavailable for enhancement purposes.

During the State's case-in-chief, the State introduced State's Exhibit #7, which included the purported judgment for appellant's 1987 DWI. The document states that appellant pleaded "guilty" and that "it is considered and adjudged by the Court that the Defendant is guilty as charged in the information of the offense of driving while intoxicated." The next paragraph states that appellant will be granted probation. The following paragraph states: "IT IS THEREFORE CONSIDERED, ORDERED AND ADJUDGED that the finding of guilty herein *shall not be final, that no judgment be rendered thereon*, and that Defendant be, and is hereby placed on probation in this cause for a period of two years . . . ."[14] In *State v. Kindred*, 773 S.W.2d 766, 767-68 (Tex. App.–Corpus Christi 1989, no pet.), this Court, relying on *Savant v. State*, 535 S.W.2d 190, 191-92 (Tex. Crim. App. 1976), held that instruments containing exactly the same language "[did] not contain adjudications of guilt, and therefore, [were] not judgments."[15] The language at issue in *Kindred*—and the language in the purported judgment here—is very similar to the language

---

[14] Emphasis added.

[15] *Kindred*, 773 S.W.2d at 768.

6

that the court of criminal appeals found insufficient to constitute a judgment in *Savant*.[16] The court of criminal appeals held that because the instrument did not contain an adjudication of guilt, it was not a judgment.[17]

The language in appellant's 1987 purported judgment is identical to the language we found insufficient to constitute a judgment in *Kindred*.[18] As in *Kindred*, we hold that the instrument offered by the State to establish appellant's 1987 prior conviction is insufficient to constitute a judgment. Because the State failed to carry its burden of establishing two prior convictions, we hold the evidence is insufficient to support appellant's conviction for felony DWI.

Accordingly, the trial court's judgment is reversed and an order of acquittal is rendered.[19] Because of our disposition of appellant's first issue, we need not address

---

[16] In *Savant*, the purported judgment contained the following language: "It is therefore CONSIDERED, ORDERED AND ADJUDGED that the Verdict and finding of guilty herein shall not be final, that no Judgment be rendered thereon, . . . ." *Savant v. State*, 535 S.W.2d 190, 191-92 (Tex. Crim. App. 1976).

[17] *Id.* We also note that several of our sister courts have reached the same conclusion. *See, e.g.*, *Ramirez v. State*, No. 07-96-0147-CR, 1997 Tex. App. LEXIS 5049, at **3-8 (Tex. App.–Amarillo 1997, pet. dism'd) (not designated for publication) (finding purported judgment containing language similar to that in *Savant* insufficient to establish prior conviction); *Mosqueda*, 936 S.W.2d at 715-16 (following *Savant* and *Kindred* finding nearly identical language insufficient to constitute judgment); *McFarland v. State*, 727 S.W.2d 43, 45 (Tex. App.–San Antonio 1987, no pet.) (following *Savant* in finding identical language in purported judgment defective). *But see Williamson v. State*, 46 S.W.3d 463, 465-66 (Tex. App.–Dallas 2001, no pet.) (citing *Rizo v. State*, 963 S.W.2d 137, 138 (Tex. App.–Eastland 1998, no pet.) and construing language identical to that in *Savant*, but distinguishing *Savant* and *Kindred* and declining to follow *Mosqueda*); *but see also Gibson v. State*, No. 05-99-01309-CR, 2000 Tex. App. LEXIS 6921, at *12 (Tex. App.–Dallas 2000, pet. ref'd) (not designated for publication) (finding *Kindred, Savant,* and *Mosqueda* distinguishable).

[18] *See Kindred*, 773 S.W.2d at 767-68.

[19] We note that the jury charge did not authorize appellant's conviction for the lesser-included offense of misdemeanor DWI with one prior conviction. Thus, we have no authority to reform the judgment to reflect conviction on the lesser-included offense. *See Mosqueda*, 936 S.W.2d at 717 (citing *Gentile v. State*, 848 S.W.2d 359, 360-61 (Tex. App.–Austin 1993, no pet.) and *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993)).

appellant's remaining issue.[20]

_____
LINDA REYNA YAÑEZ,
Justice

Do not publish.  TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and
filed this the 3rd day of April, 2008.

---

[20] *See* TEX. R. APP. P. 47.1.