**Opinion filed August 30, 2013**



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00146-CR

_____

## MICHAEL FABIAN ESPINOZA, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 142nd District Court**
**Midland County, Texas**
**Trial Court Cause No.  CR38892**

## M E M O R A N D U M   O P I N I O N

The jury found Michael Fabian Espinoza guilty of unauthorized absence from a community corrections facility, the Midland Court Residential Treatment Center.  Appellant elected to have the trial court assess his punishment, and the court assessed that punishment at confinement for two years in a state jail facility and sentenced him accordingly.  We affirm.

In an earlier case, the State charged Appellant with misdemeanor possession of marihuana.  Upon Appellant's plea of nolo contendere in that case and after

Appellant had waived counsel, the trial court deferred the adjudication of guilt and placed Appellant on community supervision. The trial court later amended the terms of community supervision to include a period of detention and treatment in the Midland Court Residential Treatment Center. Before that time had expired, Appellant permanently left the Center without authorization.

The State moved to revoke Appellant's community supervision and to adjudicate his guilt for misdemeanor possession of marihuana. Appellant waived his right to counsel at that hearing and pleaded "true" to the allegation that he violated the terms of his community supervision when he left the Center without authorization. The trial court granted the State's motion, revoked Appellant's community supervision, found Appellant guilty of the misdemeanor marihuana charge, and assessed his punishment at confinement for five days. Appellant did not appeal.

Meanwhile, the grand jury indicted Appellant for a violation of Section 38.113 of the Texas Penal Code for leaving the Center without authorization. TEX. PENAL CODE ANN. § 38.113 (West 2011). When the case that is the subject of this appeal went to trial, the trial court admitted the judgment in the misdemeanor marihuana case into evidence. That judgment shows that Appellant pleaded "true" to the allegation that he left the Center without permission.

Appellant brings one issue on appeal in which he now objects, for the first time on these grounds, to the admission of that judgment. He frames that issue as follows: "Whether failure to provide a warning that admissions in a prior misdemeanor court proceeding will lead to admissible statements in future criminal felony proceedings in violation of the Fifth and Sixth Amendments to the U.S. Constitution, and the Texas Constitution."

In his first argument under that issue, Appellant states the general rule as to collateral estoppel. However, he does not go beyond the statement of the rule and

makes no argument in connection with it. In the absence of argument or authority on the application of collateral estoppel to this case, we need not consider that part of Appellant's sole issue on appeal. *See* TEX. R. APP. P. 38.1.

We take Appellant's next argument to be that he suffered from a denial of counsel in the misdemeanor marihuana case. He points to the Sixth Amendment to the United States Constitution as the source of the right to counsel. We treat Appellant's next argument under his single issue on appeal to be that he was compelled to give evidence against himself when he entered his plea of "true" in the misdemeanor marihuana case and that no one warned him that he did not have to do that and thereby give evidence against himself. Appellant directs us to the Fifth and Fourteenth Amendments to the United States Constitution; Article I, section 10 of the Texas constitution; and Article 1.05 of the Texas Code of Criminal Procedure as sources of the privilege against self-incrimination.

Both the right-to-counsel argument and the self-incrimination argument are directed at the original misdemeanor marihuana proceedings. Neither of those matters was appealed, and neither is subject to a collateral attack in this proceeding. A collateral attack may be made on a prior judgment if the conviction is void or if it is tainted by a constitutional defect. Certain lesser infirmities in a prior conviction may not be raised in a collateral attack. That is true even though such lesser infirmities might have resulted in a reversal if the appellant had presented them in an appeal. *Galloway v. State*, 578 S.W.2d 142 (Tex. Crim. App. 1979); *Prado v. State*, 822 S.W.2d 819, 820 (Tex. App.—Eastland 1992, pet. ref'd). Here, there has been no showing that the misdemeanor conviction is either void or tainted by a constitutional defect. Therefore, Appellant's collateral attack on the misdemeanor marihuana conviction cannot be sustained.

Furthermore, although general comments were made by Appellant's counsel to the effect that he wanted the trial court "to keep those judgments out," when the

3

State finally offered the misdemeanor marihuana judgment into evidence, Appellant's attorney stated, "No objection." Appellant has waived any error in the admission of the prior judgment of conviction. TEX. R. APP. P. 33.1(a)(1).

For all of the foregoing reasons, Appellant's sole issue on appeal is overruled in its entirety.

We affirm the judgment of the trial court.


MIKE WILLSON

JUSTICE


August 30, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.

4