The STATE of Texas, State,

v.

Timothy Paul DUKE, Appellee.

No. 2–99–167–CR.

Court of Appeals of Texas,
Fort Worth.

Oct. 11, 2001.

Bruce Isaacks, Criminal District Attorney; Kathleen Walsh, Paul Johnson, and Rick Daniel, Assistant District Attorneys, Denton, for Appellant.

Morris & Morris, L.L.P. and S. Rafe Foreman, Flower Mound, for Appellee.

EN BANC and H. TOD WEAVER, J. (Retired, Sitting by Assignment) and DAVID L. RICHARDS, J. (Sitting by Assignment).

DAVID L. RICHARDS, Justice.

**OPINION ON REHEARING**

We withdraw our opinion and judgment dated July 13, 2000, and substitute the following. The State appeals the trial court's order setting aside a felony indict-

ment against appellee Timothy Paul Duke. We will reverse the trial court's order.

The procedural history of the issue presented in this appeal is somewhat complex. Appellee was charged by indictment with the offense of driving while intoxicated (DWI). Two prior felony DWI convictions were alleged: Denton County case numbers F–91–118–E and F–95–410–E (the Denton cases). In addition, the indictment contained an enhancement paragraph alleging a prior final felony conviction in McLennan County (the McLennan case) for the offense of possession of a controlled substance. Appellee filed a motion to set aside the indictment on grounds that these three prior convictions were infirm because they had been improperly enhanced by two prior Dallas County DWI convictions: case numbers MB8541064–A and MB8529090–A (the Dallas cases). Appellee's position was that the convictions in the Dallas cases were nonfinal and should not have been used to enhance the subsequent Denton and McLennan cases. From that premise, appellee argued that the enhancement paragraphs in the instant case should be set aside as void because the Denton and McLennan cases relied on the void Dallas cases. Put another way, appellee contended, under a domino-like theory of "voidness," that proof that the Dallas cases were nonfinal rendered those cases unavailable for enhancement, making the subsequent Denton and McLennan cases that relied on them void, and, in turn, rendering the enhancement allegations in the instant indictment void and subject to collateral attack. The trial court granted appellee's motion to set aside the indictment. This appeal followed.

■ We begin by addressing appellee's argument that the State has no right to appeal the district court's order setting aside the felony charge because the State could still proceed on a misdemeanor charge. The critical factor in determining the State's right to appeal in this case is whether the trial court's order effectively dismissed a portion of the indictment. *See* Tex.Code Crim. Proc. Ann. art. 44.01(a)(1) (Vernon Supp.2001). Prior convictions are essential elements of a felony DWI under penal code section 49.09(b), and must be pleaded and proven at the guilt-innocence phase to support a felony conviction. Tex. Penal Code Ann. § 49.09(b) (Vernon Supp. 2001). The prior convictions define the offense and are jurisdictional allegations under penal code section 49.09(b) and code of criminal procedure article 36.01(a)(1). *Id.;* Tex.Code Crim. Proc. Ann. art. 36.01(a)(1) (Vernon Supp.2001). Based on the foregoing, the trial court's order effectively dismissed the felony portion of the indictment and reduced the State's case to a misdemeanor prosecution under penal code section 49.04(b). Tex. Penal Code Ann. § 49.04(b) (Vernon Supp.2001). We therefore hold that the trial court's order dismissed a portion of the indictment and is appealable by the State pursuant to article 44.01(a)(1). Tex.Code Crim. Proc. Ann. art. 44.01(a)(1); *see also State v. Mewbourn*, 993 S.W.2d 771, 772 (Tex. App.—Tyler 1999, no pet.) (rejecting defendant's contention under similar facts that the State had no right to appeal).

■ Next, we address the State's contention that the trial court erred in considering appellee's motion to dismiss where the motion was not timely filed. Article 1.14(b) requires a defendant to object to any defects of substance or form in the charging instrument prior to the date of trial. Tex.Code Crim. Proc. Ann. art. 1.14(b) (Vernon Supp.2001). The State urges on appeal that appellee's motion was not timely because it was heard on the date of trial. Appellee responds that because there never was a trial, the motion

and hearing were in compliance with the statute. We need not decide the merits of this issue because the State has failed to properly preserve it for appellate review. To preserve a complaint for review, a party must have presented to the trial court a timely request, objection, or motion stating the specific grounds for the desired ruling. Tex.R.App. P. 33.1(a)(1). If the party fails to do so, error is not preserved. *Taylor v. State*, 939 S.W.2d 148, 155 (Tex.Crim.App. 1996) (Johnson, J. dissenting). In addition, the complaining party must pursue the objection to an adverse ruling. *See McFarland v. State*, 989 S.W.2d 749, 754 (Tex.Crim.App.1999). While the State *did* voice a concern near the end of the hearing that article 1.14 required appellee to present his motion prior to the day of trial, there was no objection made on that ground, nor did the State pursue an objection to an adverse ruling. Any complaint about trial court error in holding the hearing on the date set for trial is therefore waived.

■ We now turn to the merits of the issue. The State contends the trial court erred in granting appellee's motion to set aside the indictment. As noted above, appellee successfully convinced the trial court that the Denton and McLennan cases alleged as enhancements in the indictment were void because they were based on earlier Dallas cases that were not final. For purposes of our analysis, we will assume appellee's characterization of the Dallas cases as "nonfinal" is correct.[1] The critical question we must address is whether the nonfinal Dallas cases rendered the subsequent Denton and McLennan cases void, such that the Denton and McLennan cases could not be used to enhance the DWI charge in the instant case. This precise issue presents a question of first impression.

Appellee forcefully argues that our previous decision in *Mosqueda v. State* is controlling. 936 S.W.2d 714 (Tex.App.—Fort Worth 1996, no pet.). *Mosqueda* involved a sufficiency challenge to a felony DWI conviction where the evidence established that one of the prior DWI convictions alleged by the State to have been a final conviction was, in fact, *not* a final conviction. *Id.* at 715–16. We held that the lack of finality in the prior conviction required us to rule the evidence was legally insufficient to prove the prior conviction was final. *Id.* at 717. For that reason, we reversed the judgment of the trial court.

The issue in the instant case is quite different. Unlike the defendant in *Mosqueda*, appellee is attacking convictions twice removed from the instant case.[2] That is, he attacks the prior Dallas cases

---

1. The State argues the convictions in the Dallas cases *were* final, notwithstanding written language in a probation order in each case indicating that they were not. The order in each Dallas case stated, "It is therefore considered, ordered and adjudged that the verdict and finding of guilty herein *shall not be final.*" (Emphasis added.) The State concedes that this language renders the orders ambiguous and that the trial court's interpretation of the language must be reviewed under an abuse of discretion standard. During oral argument the State suggested that this language resulted from a simple clerical error in each case in which the wrong form (a form stating the conviction was not final) was pre-

sented to a Dallas trial judge for signature. We do not believe the trial court in our case abused its discretion in implicitly ruling that the probation orders show the Dallas cases to be nonfinal. If the trial judge in the Dallas cases did not intend the order in each case to reflect that the convictions were not final, the State could have corrected the error through a *nunc pro tunc* order. *See Ex parte Dopps*, 723 S.W.2d 669, 670 (Tex.Crim.App.1986). The record does not reflect any correction was ever attempted or made.

2. *Mosqueda* is a legal sufficiency case, not a defective indictment case.

which were used to enhance the prior Denton and McLennan cases alleged by the State in the instant indictment. The infirm Dallas cases are not mentioned in this indictment. This distinction is critical because even assuming the Dallas cases are void, there is no reason to believe that the felony DWI convictions in the Denton cases could not be reformed to reflect misdemeanor DWI offenses,[3] and it is clear the possession conviction in the McLennan case would survive as reformed, since one of the prior Dallas cases was used only as a punishment enhancement in that case. The indictment in the instant case does not allege that the Denton cases were *final felony convictions*. It merely alleges that each was a *final conviction*. That is all that is required to enhance the instant charged offense to a felony DWI because it is immaterial under penal code section 49.09(b) whether the prior DWI offenses were felonies or misdemeanors. TEX. PENAL CODE ANN. § 49.09(b). Because there was no showing by appellee that the Denton cases could not be reformed to reflect misdemeanor convictions, and because there is no showing the McLennan drug possession case could not be reformed so as to delete the enhancement paragraph reflected in that judgment, we do not agree that the Denton and McLennan County judgments and convictions are void. We therefore hold that the trial court erred in setting aside the indictment.

Our decision in this regard squares with the United States Supreme Court's recent decision in *Daniels v. United States*, 532 U.S. 374, 121 S.Ct. 1578, 149 L.Ed.2d 590 (2001). There the court formulated a corollary rule for federal cases involving nonhabeas collateral attacks on prior convictions. The petitioner in *Daniels* was convicted of the federal offense of felon in possession of a firearm enhanced under the Armed Career Criminal Act of 1984. *Id.* at ——, 121 S.Ct. at 1580. 18 U.S.C.A. § 924(e) imposes a mandatory minimum sentence on anyone who violates 18 U.S.C.A. § 922(g)(1) and has three previous convictions for, among other things, a violent felony. 18 U.S.C.A. §§ 922(g)(1), 924(3) (2000); *Daniels*, 532 U.S. at ——, 121 S.Ct. at 1580. The defendant there had four such prior state convictions. At sentencing, he asserted that his federal sentence violated the United States Constitution because it was based in part on two prior convictions that were themselves unconstitutional. *Daniels*, 532 U.S. at ——, 121 S.Ct. at 1580–81. Both prior convictions, he claimed, were based on inadequate guilty pleas, and one was the product of ineffective assistance of counsel. *Id.* The Supreme Court held that a defendant pursuing such a remedy presents a cognizable claim for relief only if the collateral attack involves an allegation that the defendant was deprived of counsel. *Id.* at ——, 121 S.Ct. at 1581 (citing *Custis v. United States*, 511 U.S. 485, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994)). All other complaints, including claimed instances of ineffective assistance of counsel, are barred. *Id.* at ——, 121 S.Ct. at 1583.

The court cited several policy reasons for its decision: (1) permitting such collateral attacks would inevitably delay and impair the orderly administration of justice

---

**3.** *See Smola v. State*, 736 S.W.2d 265, 267 (Tex.App.—Austin 1987, no pet.) (holding that because the invalidity of the prior misdemeanor DWI conviction used to enhance appellant's subsequent DWI conviction related only to punishment, the district court had the authority to convict appellant of the lesser included offense of misdemeanor DWI). This remedy was not available in *Mosqueda* because there, i.e., a jury trial where the instructions did not permit the jury to convict the appellant of a lesser included DWI offense. *Mosqueda*, 936 S.W.2d at 717–18.

and deprive the state-court judgment of its normal force and effect; (2) often decades-old state court records and transcripts are difficult to locate; and (3) there is a concern for finality given the wide range of disabilities on those who have been convicted of crimes, even after their release. *Id.* at ———, 121 S.Ct. at 1581–82. The court also noted that a defendant convicted in state court has numerous opportunities to challenge such alleged infirmities, including direct appeals and habeas challenges. *Id.* If the defendant chooses not to pursue those remedies he does so with the knowledge that the conviction will remain on his record. *Id.*

Although the issue presented in *Daniels* concerned federal law, we believe the Supreme Court's analysis is equally applicable to Texas law. If appellee had attacked the finality of the Dallas cases when those cases were alleged directly as enhancement allegations of a felony DWI offense, he may have been successful in quashing the felony indictments. *See State v. Kindred,* 773 S.W.2d 766, 768 (Tex.App.—Corpus Christi 1989, no pet.) (affirming trial court's order quashing indictment that alleged nonfinal convictions as enhancing elements of felony DWI offense). The indictment in this case does not allege the Dallas cases as enhancing elements of the charged offense, and it is undisputed that appellee did not object to any of the felony indictments that relied directly on the Dallas cases before trial on those felonies. Accordingly, appellee has waived the right to object here to the felony judgments in those cases.

The trial court's order setting aside the indictment is reversed, and the case is remanded for proceedings consistent with this opinion.