The STATE of Texas, Appellant

v.

George Luis VASQUEZ, Appellee.

No. 14–03–00837–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

June 22, 2004.

---

William J. Delmore, III, Houston, for appellants.

Norman J. Silverman, Houston, for appellees.

Panel consists of Justices YATES, ANDERSON, and HUDSON.

## OPINION

J. HARVEY HUDSON, Justice.

The State appeals from the trial court's grant of a motion to quash two enhancement paragraphs. Appellee, George Luis Vasquez, was indicted for possession of less than one gram of cocaine, a controlled substance. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115 (Vernon 2003). The indictment contained two enhancement paragraphs alleging two prior convictions for felony driving while intoxicated ("DWI") charges. In four points of error, the State argues the trial court erred in granting the motion to quash.

The issue presented here arises from a series of convictions for driving while intoxicated (DWI). In 1978, appellant was convicted of misdemeanor DWI in cause number 513,044. In 1987, appellant was again convicted of DWI in cause number 475,979. His previous conviction in cause number 513,044 was used to elevate the offense in cause number 475,979 to a felony. In 1996, appellant was convicted of DWI for a third time in cause number 763,130. That conviction was elevated to a felony by virtue of appellant's conviction in cause number 475,979.

In 2003, appellant was charged in the instant case with possession of a controlled substance. This offense was enhanced by his felony DWI convictions in cause numbers 475,979 and 763,130.

Appellee alleges that the enhancement paragraphs in his present indictment must be quashed because they ultimately rely (even if indirectly) upon an invalid misdemeanor conviction for DWI in cause number 513,044. Specifically, appellee asserts that he did not waive his right to a jury trial in 513,044. The judgment in 513,044 contains the following statement: "No jury having been demanded, trial proceeded before the Court." Relying upon *Samudio v. State*, 648 S.W.2d 312, 313 (Tex.Crim.App. 1983), appellee argues that this language is not evidence of an express waiver by the appellee of his right to a jury trial. As further support of his motion, appellee attaches his affidavit where he asserts that he did not waive his right to a jury trial, in part, because he did not even know of such right. The trial court agreed with appellee and granted his motion to quash the enhancement paragraphs.

■ In its first point of error, the State contends appellee waived his right to complain about the conviction in cause number 513,044 under article 1.14 of the Code of Criminal Procedure. A defendant waives the right to complain about "a defect, error, or irregularity of form or substance in an indictment" by failing to object before the trial begins. TEX.CODE CRIM. PROC. ANN. Art. 1.14(b) (Vernon Supp.2004). More specifically, the State asserts that under article 1.14 appellee should have objected the first time cause number 513,-044 was included as an element of the indictment in 1987.

■ It is established that an indictment contains a cognizable defect when it relies on a void judgment to enhance. *Ex parte Patterson*, 969 S.W.2d 16, 19 (Tex. Crim.App.1998). Accordingly, appellee insists that he met his burden under article 1.14 by objecting at the beginning of the present trial. While we agree that an

involuntary waiver of the right to a jury trial will render a judgment void, we consider appellee's collateral attack of the judgment in cause number 513,044 untimely considering the procedural history of this case.

The Fort Worth court of appeals recently visited this same issue in *State v. Duke*, 59 S.W.3d 789 (Tex.App.-Fort Worth 2001, pet. ref'd). In *Duke*, the defendant was charged by indictment with felony DWI. *Id.* at 790. The indictment alleged two prior DWI convictions and one enhancement paragraph alleging a felony conviction for possession of a controlled substance. *Id.* In attacking the indictment for DWI, defendant argued that the three prior convictions listed in the indictment had been improperly enhanced by two prior DWI convictions not mentioned in the indictment. *Id.* In reversing the trial court's order setting aside a felony indictment, the court pointed out that the cases giving rise to the complaint were not being directly attacked. *Id.* at 793. In fact, the two prior DWI convictions were not even named in the indictment. *Id.* The court held that the appropriate time to attack those convictions was when they were actually named in the indictment. *Id.* Thus, while the defendant might have been successful in directly attacking the prior convictions, his complaint was waived by his failure to do so. *Id.*

12/1/85
Art. 1.14(b) becomes effective

1978        2004

3/2/78
misdemeanor DWI
513,044

7/16/87
felony DWI
475,979

9/4/97
felony DWI
736,130

3/7/03
indictment for possession
936,858

We are persuaded by the analysis in *Duke* to hold that appellee cannot attack a conviction two and three-times removed from the present case. *Id.* at 791, 793. Prior convictions are elements of a felony DWI charge. TEX. PEN.CODE ANN. § 49.09 (Vernon Supp.2004). Accordingly, the conviction in cause number 513,044 was listed in the indictment for cause number 475,-979. Assuming that the judgment in cause number 513,044 is void, the indictment in cause number 475,979 would contain a cognizable defect. *See Ex parte Patterson*, 969 S.W.2d at 19. However, cause number 513,044 is not named in the present indictment or directly used to enhance his punishment. Thus, in order to avoid waiver, appellee should have asserted his objections when cause number 513,044 was an element of the indictment in cause number 475,979. *See Duke*, 59 S.W.3d at 793; *see also* TEX.CODE CRIM. PROC. ANN. Art. 1.14(b)

(Vernon Supp.2004); *Ex parte Patterson*, 969 S.W.2d at 19–20.

Finding that appellee waived any errors arising out of the conviction in cause number 513,044, we reverse the judgment of the trial court quashing the enhancement paragraphs. Accordingly, we need not reach the State's remaining points of error.