Reversed and Opinion filed June 22, 2004









Reversed and Opinion filed June 22, 2004.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-03-00837-CR

____________

 

THE STATE OF TEXAS, Appellant

 

V.

 

GEORGE LUIS
VASQUEZ,
Appellee

 



 

On Appeal from the 228th
District Court

Harris County, Texas

Trial Court Cause No. 936,858

 



 

O P I N I O N

The State appeals from the trial court=s grant of a
motion to quash two enhancement paragraphs. 
Appellee, George Luis Vasquez, was indicted for possession of less than
one gram of cocaine, a controlled substance. 
See Tex. Health &
Safety Code Ann. ' 481.115 (Vernon 2003).  The indictment contained two enhancement
paragraphs alleging two prior convictions for felony driving while intoxicated
(ADWI@) charges.  In four points of error, the State argues the
trial court erred in granting the motion to quash.








The issue presented here arises from a
series of convictions for driving while intoxicated (DWI).  In 1978, appellant was convicted of misdemeanor
DWI in cause number 513,044.  In 1987,
appellant was again convicted of DWI in cause number 475,979.  His previous conviction in cause number
513,044 was used to elevate the offense in cause number 475,979 to a
felony.  In 1996, appellant was convicted
of DWI for a third time in cause number 763,130.  That conviction was elevated to a felony by
virtue of appellant=s conviction in cause number 475,979.

In 2003, appellant was charged in the
instant case with possession of a controlled substance.  This offense was enhanced by his felony DWI
convictions in cause numbers 475,979 and 763,130.

Appellee alleges that the enhancement
paragraphs in his present indictment must be quashed because they ultimately
rely (even if indirectly) upon an invalid misdemeanor conviction for DWI in
cause number 513,044.  Specifically,
appellee asserts that he did not waive his right to a jury trial in
513,044.  The judgment in 513,044
contains the following statement: ANo jury having
been demanded, trial proceeded before the Court.@  Relying upon Saumudio v. State, 648 S.W.2d 312, 313 (Tex.
Crim. App. 1983), appellee argues that this language is not evidence of an express
waiver by the appellee of his right to a jury trial.  As further support of his motion, appellee
attaches his affidavit where he asserts that he did not waive his right to a
jury trial, in part, because he did not even know of such right.  The trial court agreed with appellee and
granted his motion to quash the enhancement paragraphs.  

In its first point of error, the State
contends appellee waived his right to complain about the conviction in cause
number 513,044 under article 1.14 of the Code of Criminal Procedure.  A defendant waives the right to complain
about Aa defect, error,
or irregularity of form or substance in an indictment@ by failing to
object before the trial begins.  Tex. Code Crim. Proc. Ann. Art. 1.14(b)
(Vernon Supp. 2004).   More specifically,
the State asserts that under article 1.14 appellee should have objected the
first time cause number 513,044 was included as an element in of the indictment
in 1987.  








It is established that an indictment
contains a cognizable defect when it relies on a void judgment to enhance.  Ex parte Patterson, 969 S.W.2d 16, 19 (Tex.
Crim. App. 1998).  Accordingly, appellee
insists that he met his burden under article 1.14 by objecting at the beginning
of the present trial.  While we agree
that an involuntary waiver of the right to a jury trial will render a judgment
void, we consider appellee=s collateral attack
of the judgment in cause number 513,044 untimely considering the procedural
history of this case. 

The Fort Worth court of appeals recently
visited this same issue in State v. Duke, 59 S.W.3d 789 (Tex. App.CFort Worth 2001, pet. ref=d).  In Duke, the defendant was charged by
indictment with felony DWI.  Id.
at 790.  The indictment alleged two prior
DWI convictions and one enhancement paragraph alleging a felony conviction for
possession of a controlled substance.  Id.  In attacking the indictment for DWI,
defendant argued that the three prior convictions listed in the indictment had
been improperly enhanced by two prior DWI convictions not mentioned in the
indictment.  Id.  In reversing the trial court=s order setting
aside a felony indictment, the court pointed out that the cases giving rise to
the complaint were not being directly attacked. 
Id. at 793.   In fact, the
two prior DWI convictions were not even named in the indictment.  Id. 
The court held that the appropriate time to attack those convictions was
when they were actually named in the indictment.  Id. 
Thus, while the defendant might have been successful in directly
attacking the prior convictions, his complaint was waived by his failure to do
so.  Id.




 
 
 
 
 











We are persuaded by the analysis in Duke
to hold that appellee cannot attack a conviction two and three-times
removed from the present case.  Id.
at 791, 793.  Prior convictions are
elements of a felony DWI charge.  Tex. Pen. Code Ann. ' 49.09 (Vernon
Supp. 2004).  Accordingly, the conviction
in cause number 513,044 was listed in the indictment for cause number 475,979.  Assuming that the judgment in cause number
513,044 is void, the indictment in cause number 475,979 would contain a
cognizable defect.  See Ex parte
Patterson, 969 S.W.2d at 19.  However,
cause number 513,044 is not named in the present indictment or directly used to
enhance his punishment.  Thus, in order
to avoid waiver, appellee should have asserted his objections when cause number
513,044 was an element of the indictment in cause number 475,979.  See Duke, 59 S.W.3d at 793; see
also Tex. Code Crim. Proc. Ann.
Art. 1.14(b) (Vernon Supp. 2004); Ex parte Patterson, 969 S.W.2d at 19-20.  

Finding that appellee waived any errors
arising out of the conviction in cause number 513,044, we reverse the judgment
of the trial court quashing the enhancement paragraphs.  Accordingly, we need not reach the State=s remaining points
of error.  

 

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment
rendered and Opinion filed June 22, 2004.

Panel
consists of Justices Yates, Anderson, and Hudson.

Publish
C Tex. R. App. P. 47.2(b).