NO









NO. 12-09-00127-CR

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

WALTER MALONE,

APPELLANT                                                     '     APPEAL
FROM THE 7TH

 

V.                                                                         '     JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,                                 '     SMITH COUNTY,
TEXAS

APPELLEE

 





                                                      MEMORANDUM
OPINION

            Walter
Malone appeals his conviction for evading arrest, for which he was sentenced to
imprisonment for twenty-five years.  In one issue, Appellant argues that the
trial court erred by denying his motion to quash the indictment.  We affirm.

 

Background

            Appellant
was charged by indictment with evading arrest.  The indictment further alleged
that Appellant was previously convicted of two felony offenses, one of which
was a prior felony driving while intoxicated (“DWI”) in cause number 1-88-640
in the 241st Judicial District Court of Smith County, Texas.  Appellant filed a
motion to quash the indictment contending that this prior DWI conviction was
not valid.  Specifically, Appellant argued that there were not adequate records
to demonstrate that he made a knowing waiver of counsel in cause number 47,564
in the County Court at Law of Smith County, Texas, which pertained to one of
the two misdemeanor DWI convictions upon which cause number 1-88-640 rested.  

The
trial court denied Appellant’s motion to quash.  Thereafter, Appellant pleaded
“guilty” to the evading arrest charge and “true” to the enhancement
allegations.  The trial court sentenced Appellant to imprisonment for
twenty-five years, and this appeal followed.

 

Motion to Quash

            In
his sole issue, Appellant argues that the trial court erred in denying his
motion to quash.  We review a trial court’s ruling on a motion to quash for
abuse of discretion.  Askari v. State, 129 S.W.3d 160, 165 (Tex.
App.–Texarkana 2003, pet. ref’d) (citing Thomas v. State, 621 S.W.2d
158, 164 (Tex. Crim. App. 1980)).  A trial court abuses its discretion when it
acts in an arbitrary or unreasonable manner, without reference to any guiding
rules and principles.  Montgomery v. State, 810 S.W.2d 372, 380
(Tex. Crim. App. 1990).

            A
criminal defendant has the right to demand proper notice of the nature and
cause of action against him.  Tex.
Const. art. I, § 10; DeVaughn v. State, 749 S.W.2d 62, 67
(Tex. Crim. App. 1988).  A charging instrument must convey adequate notice to
allow the defendant to prepare his defense.  State v. Carter, 810
S.W.2d 197, 199 (Tex. Crim. App. 1991); DeVaughn, 749 S.W.2d at
67.  On its face, a charging instrument must allege facts necessary to (1) show
the offense was committed, (2) bar a subsequent prosecution for the same
offense, and (3) give the defendant notice of the precise offense for which he
is charged.  See DeVaughn, 749 S.W.2d at 67; Walker
v. State, 828 S.W.2d 485, 489–90 (Tex. App.–Dallas 1992, pet. ref’d).  

A
trial court, on motion by a defendant, may set aside, quash, or dismiss a
charging instrument for a defect in form or substance.  See Tex. Code Crim. Proc. Ann. arts. 27.08,
27.09, 28.01 (Vernon 2006); Miller v. State, 909 S.W.2d 586, 591
(Tex. App.–Austin 1995, no pet.).  Although the trial court may hold a hearing
on a defendant’s motion to quash, the trial court must judge the merits of an
attack on a charging instrument’s form or substance by the face of the
instrument.[1]
 See State v. Rosenbaum, 910 S.W.2d 934, 947–48 (Tex. Crim. App. 1994)
(J. Clinton, dissenting) (adopted as majority on reh’g); Barnhart v.
State, 648 S.W.2d 696, 698 (Tex. Crim. App. 1983); Reed v. State,
762 S.W.2d 640, 645 (Tex. App.–Texarkana 1988, pet. ref’d).  The trial court
may not examine evidence. Bourland v. State, 133 Tex. Crim. 544,
112 S.W.2d 720, 720 (1937) (holding the trial court may examine only the
accusatory pleading in judging a charging instrument’s sufficiency).[2]
 The trial court should grant a motion to quash only if the language concerning
the defendant’s conduct is so vague or indefinite that it denies him effective
notice of the acts he allegedly committed.  See DeVaughn,
749 S.W.2d at 67.

            In
the instant case, Appellant contends that the felony DWI enhancement allegation
set forth in the indictment in the case at hand is invalid.  Specifically,
Appellant argues that because there are inadequate records to support that he
made a knowing waiver of counsel when he pleaded “guilty” in cause number
47,564, and because this cause was used to enhance cause number 1-88-640, cause
number 1-88-640 cannot be used as an enhancement in the case at hand.  The
Houston court of appeals considered a similar issue in State v. Vasquez,
140 S.W.3d 758 (Tex. App.–Houston [14th Dist.] 2004, no pet.).  In Vasquez,
the State argued that the appellee waived his right to complain about a
conviction underlying the conviction alleged as an enhancement because he
failed to object to the use of the flawed underlying conviction when it was
included as an element of an indictment.  See id. at 759.  The
court of appeals agreed.  See id. at 760.

In
reaching its conclusion that Vasquez waived the error, if any, the court of
appeals relied on State v. Duke, 59 S.W.3d 789 (Tex. App.–Fort
Worth 2001, pet. ref’d).  In Duke, the defendant was charged by
indictment with felony DWI.  See id. at 790.  The indictment
alleged two prior DWI convictions and one enhancement paragraph alleging a
felony conviction for possession of a controlled substance.  See id. 
In attacking the indictment for DWI, the defendant argued that the three prior
convictions listed in the indictment had been improperly enhanced by two prior
DWI convictions not mentioned in the indictment.  See id.  The
court of appeals reversed the trial court’s order setting aside a felony
indictment and noted that the cases giving rise to the complaint were not being
directly attacked.  See id. at 793. Moreover, the court
noted that the two prior DWI convictions were not alleged in the indictment.  See
id.  Consequently, the court held that the appropriate time to
attack those convictions was when they were actually alleged in the indictment.
 See id.  

            We
are persuaded by the analysis in Vasquez and Duke. 
The misdemeanor DWI conviction in cause number 47,564 is not alleged in the
indictment or directly used to enhance Appellant’s punishment.  As such, we
hold that Appellant waived the error, if any, by his failure to assert any
objections to his conviction in cause number 47,564 when it was an element of
the indictment in cause number 1-88-640.  Appellant’s sole issue is overruled.

Disposition

            Having
overruled Appellant’s sole issue, we affirm the trial court’s
judgment.

 



                                                                                                    
JAMES T. WORTHEN    

                                                                                                                
Chief Justice

 

 

Opinion delivered February 26, 2010.

Panel consisted of Worthen, C.J., Griffith, J., and
Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)

 









[1] A trial court may conduct an
evidentiary hearing on a motion to quash only if the motion alleges a defect in
the preindictment process.  See, e.g., Ray v. State, 561
S.W.2d 480, 481 (Tex. Crim. App. 1977) (defendant must prove existence of
unauthorized persons in grand jury proceedings); Wheat v. State,
537 S.W.2d 20, 21 (Tex. Crim. App. 1976) (defendant has burden to show
complaint serving as basis for information was defective); Worton v.
State, 492 S.W.2d 519, 520 (Tex. Crim. App. 1973) (defendant must prove
defect in prior conviction alleged for enhancement purposes); Guerra v.
State, 478 S.W.2d 483, 484 (Tex. Crim. App. 1972) (defendant must show
systematic exclusion of minorities from grand jury service).

 





[2] The facts underlying more recent
cases suggest that a motion to quash is a permissible mechanism by which to
challenge jurisdiction based on the validity of a prior conviction by which a
DWI charge is enhanced.  See, e.g., State v. Vasquez,
140 S.W.3d 758, 758 (Tex. App.–Houston [14th Dist.] 2004, no pet.); Egger
v. State, 62 S.W.3d 221, 222 (Tex. App.–San Antonio 2001, no pet.); State
v. Coop, No. 04-95-00821-CR, 1996 WL 425987, at *1 (Tex. App.–San
Antonio 1996, no pet.).  The State has not challenged on appeal Appellant’s
employment of a motion to quash for this purpose.  Assuming, without deciding,
that a motion to quash is an appropriate mechanism for this purpose, we will
address Appellant’s sole issue.