# NO. 12-09-00127-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| WALTER MALONE,<br>APPELLANT | § | APPEAL FROM THE 7TH |
| V. | § | JUDICIAL DISTRICT COURT OF |
| THE STATE OF TEXAS,<br>APPELLEE | § | SMITH COUNTY, TEXAS |

*MEMORANDUM OPINION*

Walter Malone appeals his conviction for evading arrest, for which he was sentenced to imprisonment for twenty-five years. In one issue, Appellant argues that the trial court erred by denying his motion to quash the indictment. We affirm.

<u>BACKGROUND</u>

Appellant was charged by indictment with evading arrest. The indictment further alleged that Appellant was previously convicted of two felony offenses, one of which was a prior felony driving while intoxicated ("DWI") in cause number 1-88-640 in the 241st Judicial District Court of Smith County, Texas. Appellant filed a motion to quash the indictment contending that this prior DWI conviction was not valid. Specifically, Appellant argued that there were not adequate records to demonstrate that he made a knowing waiver of counsel in cause number 47,564 in the County Court at Law of Smith County, Texas, which pertained to one of the two misdemeanor DWI convictions upon which cause number 1-88-640 rested.

The trial court denied Appellant's motion to quash. Thereafter, Appellant pleaded "guilty" to the evading arrest charge and "true" to the enhancement allegations. The trial court sentenced Appellant to imprisonment for twenty-five years, and this appeal followed.

1

In his sole issue, Appellant argues that the trial court erred in denying his motion to quash. We review a trial court's ruling on a motion to quash for abuse of discretion. *Askari v. State*, 129 S.W.3d 160, 165 (Tex. App.–Texarkana 2003, pet. ref'd) (citing *Thomas v. State*, 621 S.W.2d 158, 164 (Tex. Crim. App. 1980)). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner, without reference to any guiding rules and principles. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990).

A criminal defendant has the right to demand proper notice of the nature and cause of action against him. TEX. CONST. art. I, § 10; *DeVaughn v. State*, 749 S.W.2d 62, 67 (Tex. Crim. App. 1988). A charging instrument must convey adequate notice to allow the defendant to prepare his defense. *State v. Carter*, 810 S.W.2d 197, 199 (Tex. Crim. App. 1991); *DeVaughn*, 749 S.W.2d at 67. On its face, a charging instrument must allege facts necessary to (1) show the offense was committed, (2) bar a subsequent prosecution for the same offense, and (3) give the defendant notice of the precise offense for which he is charged. *See DeVaughn*, 749 S.W.2d at 67; *Walker v. State*, 828 S.W.2d 485, 489–90 (Tex. App.–Dallas 1992, pet. ref'd).

A trial court, on motion by a defendant, may set aside, quash, or dismiss a charging instrument for a defect in form or substance. *See* TEX. CODE CRIM. PROC. ANN. arts. 27.08, 27.09, 28.01 (Vernon 2006); *Miller v. State*, 909 S.W.2d 586, 591 (Tex. App.–Austin 1995, no pet.). Although the trial court may hold a hearing on a defendant's motion to quash, the trial court must judge the merits of an attack on a charging instrument's form or substance by the face of the instrument.[1] See *State v. Rosenbaum*, 910 S.W.2d 934, 947–48 (Tex. Crim. App. 1994) (J. Clinton, dissenting) (adopted as majority on reh'g); *Barnhart v. State*, 648 S.W.2d 696, 698 (Tex. Crim. App. 1983); *Reed v. State*, 762 S.W.2d 640, 645 (Tex. App.–Texarkana 1988, pet. ref'd). The trial court may not examine evidence. *Bourland v. State*, 133 Tex. Crim. 544, 112 S.W.2d

---

[1] A trial court may conduct an evidentiary hearing on a motion to quash only if the motion alleges a defect in the preindictment process. *See, e.g.*, *Ray v. State*, 561 S.W.2d 480, 481 (Tex. Crim. App. 1977) (defendant must prove existence of unauthorized persons in grand jury proceedings); *Wheat v. State*, 537 S.W.2d 20, 21 (Tex. Crim. App. 1976) (defendant has burden to show complaint serving as basis for information was defective); *Worton v. State*, 492 S.W.2d 519, 520 (Tex. Crim. App. 1973) (defendant must prove defect in prior conviction alleged for enhancement purposes); *Guerra v. State*, 478 S.W.2d 483, 484 (Tex. Crim. App. 1972) (defendant must show systematic exclusion of minorities from grand jury service).

720, 720 (1937) (holding the trial court may examine only the accusatory pleading in judging a charging instrument's sufficiency).[2] The trial court should grant a motion to quash only if the language concerning the defendant's conduct is so vague or indefinite that it denies him effective notice of the acts he allegedly committed. *See DeVaughn*, 749 S.W.2d at 67.

In the instant case, Appellant contends that the felony DWI enhancement allegation set forth in the indictment in the case at hand is invalid. Specifically, Appellant argues that because there are inadequate records to support that he made a knowing waiver of counsel when he pleaded "guilty" in cause number 47,564, and because this cause was used to enhance cause number 1-88-640, cause number 1-88-640 cannot be used as an enhancement in the case at hand. The Houston court of appeals considered a similar issue in *State v. Vasquez*, 140 S.W.3d 758 (Tex. App.–Houston [14th Dist.] 2004, no pet.). In *Vasquez*, the State argued that the appellee waived his right to complain about a conviction underlying the conviction alleged as an enhancement because he failed to object to the use of the flawed underlying conviction when it was included as an element of an indictment. *See id.* at 759. The court of appeals agreed. *See id.* at 760.

In reaching its conclusion that Vasquez waived the error, if any, the court of appeals relied on *State v. Duke*, 59 S.W.3d 789 (Tex. App.–Fort Worth 2001, pet. ref'd). In *Duke*, the defendant was charged by indictment with felony DWI. *See id.* at 790. The indictment alleged two prior DWI convictions and one enhancement paragraph alleging a felony conviction for possession of a controlled substance. *See id.* In attacking the indictment for DWI, the defendant argued that the three prior convictions listed in the indictment had been improperly enhanced by two prior DWI convictions not mentioned in the indictment. *See id.* The court of appeals reversed the trial court's order setting aside a felony indictment and noted that the cases giving rise to the complaint were not being directly attacked. *See id.* at 793. Moreover, the court noted that the two prior DWI

---

[2] The facts underlying more recent cases suggest that a motion to quash is a permissible mechanism by which to challenge jurisdiction based on the validity of a prior conviction by which a DWI charge is enhanced. *See*, *e.g.*, *State v. Vasquez*, 140 S.W.3d 758, 758 (Tex. App.–Houston [14th Dist.] 2004, no pet.); *Egger v. State*, 62 S.W.3d 221, 222 (Tex. App.–San Antonio 2001, no pet.); *State v. Coop*, No. 04-95-00821-CR, 1996 WL 425987, at *1 (Tex. App.–San Antonio 1996, no pet.). The State has not challenged on appeal Appellant's employment of a motion to quash for this purpose. Assuming, without deciding, that a motion to quash is an appropriate mechanism for this purpose, we will address Appellant's sole issue.

3

convictions were not alleged in the indictment. *See id.* Consequently, the court held that the appropriate time to attack those convictions was when they were actually alleged in the indictment. *See id.*

We are persuaded by the analysis in ***Vasquez*** and ***Duke***. The misdemeanor DWI conviction in cause number 47,564 is not alleged in the indictment or directly used to enhance Appellant's punishment. As such, we hold that Appellant waived the error, if any, by his failure to assert any objections to his conviction in cause number 47,564 when it was an element of the indictment in cause number 1-88-640. Appellant's sole issue is overruled.

<u>**DISPOSITION**</u>

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.


      <u>**JAMES T. WORTHEN**</u>
Chief Justice


Opinion delivered February 26, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*


(DO NOT PUBLISH)