

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00310-CR

| | | |
|---|---|---|
| Andrew Tran | § | From County Criminal Court No. 9 |
| | § | of Tarrant County (1225161) |
| v. | § | November 8, 2012 |
| | § | Opinion by Chief Justice Livingston |
| The State of Texas | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's judgment. It is ordered that the judgment of the trial court is affirmed.

SECOND DISTRICT COURT OF APPEALS


By_____
Chief Justice Terrie Livingston



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00310-CR

ANDREW TRAN                                                              APPELLANT

V.

THE STATE OF TEXAS                                                            STATE

----------

FROM COUNTY CRIMINAL COURT NO. 9 OF TARRANT COUNTY

----------

### MEMORANDUM OPINION[1]

----------

Appellant Andrew Tran appeals his conviction for driving while intoxicated (DWI).[2] In his sole point, appellant contends that the trial court erred by admitting lay opinion testimony from the arresting officer. We affirm.

---

[1]See Tex. R. App. P. 47.4.

[2]See Tex. Penal Code Ann. § 49.04(a) (West Supp. 2012).

## Background Facts

One early morning in December 2010, Adam Smead, an officer with the North Richland Hills Police Department, had just gotten off duty and had recently left the police station when he saw appellant driving erratically on Northeast Loop 820. Appellant was driving on the highway while straddling the lane-dividing dashes and occasionally swerving. Officer Smead was concerned that appellant was intoxicated, so he contacted a dispatcher. Officer Smead followed appellant as appellant entered Haltom City. Appellant eventually parked at an apartment complex. Officer Smead began a conversation with appellant while waiting for Haltom City police officers to arrive. Appellant admitted to Officer Smead that he had been drinking.

Timothy Clontz, an officer with the Haltom City Police Department, was dispatched to find appellant. Officer Clontz arrived at the apartment complex a few minutes after appellant and Officer Smead had arrived there. After Officer Clontz spoke with Officer Smead, he interviewed appellant, saw that appellant's eyes were bloodshot and watery, and detected a strong odor of alcohol on appellant's breath. Appellant told Officer Clontz that he had consumed three beers. Appellant performed standardized field sobriety tests, all of which, according to Officer Clontz's evaluation, appellant failed. Officer Clontz arrested appellant.

The State charged appellant with DWI. Appellant retained counsel and pled not guilty. A jury convicted appellant, and the trial court assessed his

punishment at ninety days' confinement but suspended that sentence and placed him on community supervision. Appellant brought this appeal.

## Preservation of Objections

In his only point, appellant contends that the trial court erred by admitting certain lay opinion testimony from Officer Clontz. During Officer Clontz's questioning by the State, the following exchanges occurred:

> Q. Did the defendant indicate to you . . . that he had any injuries that might interfere with the [walk-and-turn] test?
>
> A. I had asked him before we actually started, which is something else I do. I ask them if they have any physical defects, birth defects that I need to know about because I didn't notice anything when he walked towards me. However, when I asked him if he had anything wrong, he said he had a knee problem.
>
> Q. Did you clarify?
>
> A. Yes, yes. Basically, I need to know exactly what he's referring to because over the past two years, from my experience, I'm finding a lot of people starting to try to play the system. And he was --
>
> [DEFENSE COUNSEL]: Judge, I'm going to object to nonresponsive.
>
> THE COURT: Sustained.
>
> . . . .
>
> [DEFENSE COUNSEL]: Instruction to disregard, Judge.
>
> THE COURT: Disregard the last part of the answer.
>
> . . . .
>
> Q. Okay. My question now is: Did you demonstrate the [walk-and-turn] test?

4

A. Yes, I did. I demonstrate every test I do to the person.

Q. Just once or more than once?

A. On the walk and turn to Mr. Tran, I had to do it a total of three times I think it was.

Q. And why was that?

A. He seemed to not understand what I was telling him as far as -- he wouldn't ask -- When I was doing the actual evaluation, I would get through and then he would look at me like he didn't understand it. However, he was standing like I asked him to do after just being told to do so once. So, again, I felt like I was being misled.

[DEFENSE COUNSEL]: Judge, I'm going to object. Same objection.

THE COURT: Officer, try not to include your personal -- I mean as far as any answer that may suggest what the mental processes of another person are and just confine your answers to the question asked.

Officer Clontz later testified that he believed that appellant was lying when appellant said that he could not understand Officer Clontz's instructions; appellant did not object at all to that testimony.

Appellant argues on appeal that Officer Clontz's apparent opinions that appellant was feigning an injury or faking a misunderstanding of Officer Clontz's instructions were inadmissible under rule of evidence 701. *See* Tex. R. Evid. 701 (explaining that a lay witness's testimony in the form of opinions or inferences is limited to opinions or inferences that are rationally based on the perception of the witness and are helpful to a clear understanding of the witness's testimony or the

5

determination of a fact in issue).  The State replies that appellant forfeited these complaints.  We agree with the State.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that stated the specific grounds for the desired ruling if they were not apparent from the context of the request, objection, or motion.  Tex. R. App. P. 33.1(a)(1); *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012).  An objection preserves only the specific ground cited.  Tex. R. App. P. 33.1(a)(1)(A); *Marchbanks v. State*, 341 S.W.3d 559, 565 (Tex. App.—Fort Worth 2011, no pet.).  Further, the trial court must have ruled adversely on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule.  Tex. R. App. P. 33.1(a)(2); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004); *Dixon v. State*, 2 S.W.3d 263, 265 (Tex. Crim. App. 1998); *State v. Duke*, 59 S.W.3d 789, 791 (Tex. App.—Fort Worth 2001, pet. ref'd) (op. on reh'g).  A reviewing court should not address the merits of an issue that has not been preserved for appeal.  *Wilson v. State*, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010) (op. on reh'g).

Appellant objected to Officer Clontz's first statement quoted above, concerning "people starting to try to play the system," on the ground that the testimony was "nonresponsive."  The trial court sustained the objection and granted appellant's request for the jury to disregard the statement.  Appellant did not request a mistrial or any other relief from the trial court regarding this

6

statement. Despite appellant's argument that the trial court's favorable rulings preserved error, appellant was required to pursue and obtain an adverse ruling in order to preserve his objection for appeal. *Dixon*, 2 S.W.3d at 265. Because he did not obtain an adverse ruling, no error was preserved. *See id.*; *Turner v. State*, 805 S.W.2d 423, 431–32 (Tex. Crim. App.), *cert. denied*, 502 U.S. 870 (1991).

Appellant made the "[s]ame objection" to the second statement, which concerned Officer Clontz's feeling that he was being misled by appellant. Presumably, appellant was referring to his immediately preceding objection, which was that Officer Clontz's testimony was "nonresponsive." The trial court did not explicitly rule on appellant's second objection, but appellant argues that the court's admonishment of the witness constituted an implied ruling. *See* Tex. R. App. P. 33.1(a)(2)(A) (explaining that to preserve error, the trial court must rule on an objection either expressly or implicitly). Even if the trial court's statement quoted above that followed appellant's second objection could be interpreted as a ruling, it cannot be construed as an adverse ruling. In fact, in his brief, appellant characterizes the statement as the trial court's sustaining the second objection. Because appellant failed to obtain an adverse ruling on his second objection, he likewise forfeited any complaint concerning that objection. *See Dixon*, 2 S.W.3d at 265; *Turner*, 805 S.W.2d at 431–32.

Appellant did not object to Officer Clontz's third statement discussed above, nor did he request any other relief from the trial court based upon that

7

statement. Thus, appellant forfeited any complaint associated with the third statement. *See* Tex. R. App. P. 33.1(a); *Clark*, 365 S.W.3d at 339.

Because appellant has not preserved any part of his argument for appeal, we overrule his sole point.

## Conclusion

Having overruled appellant's point, we affirm the trial court's judgment.

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: November 8, 2012