02-11-310-CR













 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

 

NO. 02-11-00310-CR

 

 


 
 
 Andrew Tran
  
  
  
 v.
  
  
  
 The State of Texas
 
 
 §
  
 §
  
 §
  
 §
  
 §
 
 
 From County Criminal Court No. 9
  
 of
 Tarrant County (1225161)
  
 November
 8, 2012
  
 Opinion by Chief Justice
 Livingston
  
 (nfp)
 
 


 

JUDGMENT

 

          This court has considered the record
on appeal in this case and holds that there was no error in the trial court’s
judgment.  It is ordered that the
judgment of the trial court is affirmed. 

 

SECOND DISTRICT
COURT OF APPEALS

 

 

 

By_________________________________

    Chief Justice Terrie Livingston

 



 

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00310-CR

 

 


 
 
 Andrew Tran
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM County Criminal Court No. 9 OF Tarrant
COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          Appellant Andrew Tran appeals his
conviction for driving while intoxicated (DWI).[2]  In his sole point, appellant contends that
the trial court erred by admitting lay opinion testimony from the arresting
officer.  We affirm.

Background
Facts

          One early morning in December 2010, Adam
Smead, an officer with the North Richland Hills Police Department, had just
gotten off duty and had recently left the police station when he saw appellant
driving erratically on Northeast Loop 820.  Appellant was driving on the highway while
straddling the lane-dividing dashes and occasionally swerving.  Officer Smead was concerned that appellant was
intoxicated, so he contacted a dispatcher.  Officer Smead followed appellant as appellant
entered Haltom City.  Appellant eventually
parked at an apartment complex.  Officer Smead
began a conversation with appellant while waiting for Haltom City police
officers to arrive.  Appellant admitted
to Officer Smead that he had been drinking.

          Timothy Clontz, an officer with the
Haltom City Police Department, was dispatched to find appellant.  Officer Clontz arrived at the apartment
complex a few minutes after appellant and Officer Smead had arrived there.  After Officer Clontz spoke with Officer
Smead, he interviewed appellant, saw that appellant’s eyes were bloodshot and
watery, and detected a strong odor of alcohol on appellant’s breath.  Appellant told Officer Clontz that he had
consumed three beers.  Appellant performed
standardized field sobriety tests, all of which, according to Officer Clontz’s
evaluation, appellant failed.  Officer Clontz
arrested appellant.

          The State charged appellant with
DWI.  Appellant retained counsel and pled
not guilty.  A jury convicted appellant,
and the trial court assessed his punishment at ninety days’ confinement but suspended
that sentence and placed him on community supervision.  Appellant brought this appeal.

Preservation of Objections

          In his only point, appellant contends
that the trial court erred by admitting certain lay opinion testimony from
Officer Clontz.  During Officer Clontz’s questioning
by the State, the following exchanges occurred:

          Q.  Did the defendant indicate to you . . . that
he had any injuries that might interfere with the [walk-and-turn] test?

          A.  I had asked him before we actually started, which
is something else I do.  I ask them if
they have any physical defects, birth defects that I need to know about because
I didn’t notice anything when he walked towards me.  However, when I asked him if he had anything
wrong, he said he had a knee problem.

          Q.  Did you clarify?

          A.  Yes, yes. 
Basically, I need to know exactly what he’s referring to because over
the past two years, from my experience, I’m finding a lot of people starting to
try to play the system.  And he was --

          [DEFENSE
COUNSEL]:  Judge, I’m going to object to
nonresponsive.

          THE
COURT:  Sustained.

          . . . .

          [DEFENSE
COUNSEL]:  Instruction to disregard, Judge.

          THE
COURT:  Disregard the last part of the
answer.

          . . . .

          Q.  Okay. 
My question now is:  Did you
demonstrate the [walk-and-turn] test?

          A.  Yes, I did. 
I demonstrate every test I do to the person.

          Q.  Just once or more than once?

          A.  On the walk and turn to Mr. Tran, I had to do
it a total of three times I think it was.

          Q.  And why was that?

          A.  He seemed to not understand what I was
telling him as far as -- he wouldn’t ask -- When I was doing the actual
evaluation, I would get through and then he would look at me like he didn’t
understand it.  However, he was standing
like I asked him to do after just being told to do so once.  So, again, I felt like I was being misled.

          [DEFENSE
COUNSEL]:  Judge, I’m going to object.  Same objection.

          THE
COURT:  Officer, try not to include your
personal -- I mean as far as any answer that may suggest what the mental
processes of another person are and just confine your answers to the question
asked.

Officer
Clontz later testified that he believed that appellant was lying when appellant
said that he could not understand Officer Clontz’s instructions; appellant did
not object at all to that testimony.

          Appellant argues on appeal that Officer
Clontz’s apparent opinions that appellant was feigning an injury or faking a misunderstanding
of Officer Clontz’s instructions were inadmissible under rule of evidence 701.  See
Tex. R. Evid. 701 (explaining that a lay witness’s testimony in the form of
opinions or inferences is limited to opinions or inferences that are rationally
based on the perception of the witness and are helpful to a clear understanding
of the witness’s testimony or the determination of a fact in issue).  The State replies that appellant forfeited these
complaints.  We agree with the State.

          To preserve a complaint for our
review, a party must have presented to the trial court a timely request,
objection, or motion that stated the specific grounds for the desired ruling if
they were not apparent from the context of the request, objection, or
motion.  Tex. R. App. P. 33.1(a)(1); Clark v. State, 365 S.W.3d 333, 339
(Tex. Crim. App. 2012).  An objection
preserves only the specific ground cited. 
Tex. R. App. P. 33.1(a)(1)(A); Marchbanks
v. State, 341 S.W.3d 559, 565 (Tex. App.—Fort Worth 2011, no pet.).  Further, the trial court must have ruled adversely
on the request, objection, or motion, either expressly or implicitly, or the
complaining party must have objected to the trial court’s refusal to rule.  Tex. R. App. P. 33.1(a)(2); Mendez v. State, 138 S.W.3d 334, 341
(Tex. Crim. App. 2004); Dixon v. State,
2 S.W.3d 263, 265 (Tex. Crim. App. 1998); State
v. Duke, 59 S.W.3d 789, 791 (Tex. App.—Fort Worth 2001, pet. ref’d) (op. on
reh’g).  A reviewing court should not
address the merits of an issue that has not been preserved for appeal.  Wilson
v. State, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010) (op. on reh’g).

          Appellant objected to Officer Clontz’s
first statement quoted above, concerning “people starting to try to play the
system,” on the ground that the testimony was “nonresponsive.”  The trial court sustained the objection and
granted appellant’s request for the jury to disregard the statement.  Appellant did not request a mistrial or any
other relief from the trial court regarding this statement.  Despite appellant’s argument that the trial
court’s favorable rulings preserved error, appellant was required to pursue and
obtain an adverse ruling in order to preserve his objection for appeal.  Dixon,
2 S.W.3d at 265.  Because he did not
obtain an adverse ruling, no error was preserved.  See id.; Turner v. State, 805 S.W.2d 423, 431–32
(Tex. Crim. App.), cert. denied, 502
U.S. 870 (1991).

          Appellant made the “[s]ame objection”
to the second statement, which concerned Officer Clontz’s feeling that he was
being misled by appellant.  Presumably,
appellant was referring to his immediately preceding objection, which was that
Officer Clontz’s testimony was “nonresponsive.”  The trial court did not explicitly rule on
appellant’s second objection, but appellant argues that the court’s
admonishment of the witness constituted an implied ruling.  See Tex. R.
App. P. 33.1(a)(2)(A) (explaining that to preserve error, the trial court must
rule on an objection either expressly or implicitly).  Even if the trial court’s statement quoted
above that followed appellant’s second objection could be interpreted as a
ruling, it cannot be construed as an adverse ruling.  In fact, in his brief, appellant
characterizes the statement as the trial court’s sustaining the second
objection.  Because appellant failed to
obtain an adverse ruling on his second objection, he likewise forfeited any
complaint concerning that objection.  See Dixon, 2 S.W.3d at 265; Turner, 805 S.W.2d at 431–32.

          Appellant did not object to Officer
Clontz’s third statement discussed above, nor did he request any other relief
from the trial court based upon that statement.  Thus, appellant forfeited any complaint associated
with the third statement.  See Tex. R. App. P. 33.1(a); Clark, 365 S.W.3d at 339.

Because appellant has not preserved any part of his
argument for appeal, we overrule his sole point.

Conclusion

          Having overruled appellant’s point, we
affirm the trial court’s judgment.

 

 

 

TERRIE LIVINGSTON
CHIEF JUSTICE

 

PANEL:  LIVINGSTON, C.J.;
DAUPHINOT and GABRIEL, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  November 8, 2012











[1]See
Tex. R. App. P. 47.4.





[2]See Tex. Penal Code Ann. § 49.04(a) (West Supp.
2012).